**Ralph K. MILLER, Appellant,**

v.

**William Mac GANN, Jim M. Perdue, and MGP Farm & Ranch, a Texas Partnership, Appellees.**

**No. 01–91–00085–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 27, 1991.

Rehearing Denied Jan. 23, 1992.

Ralph K. Miller, New Braunsfels, for appellant.

Stanley Binion, Kevin Dubose, Houston, for appellees.

Before DUNN, SAM BASS and HUGHES, JJ.

## OPINION

DUNN, Justice.

The issue in this appeal is whether the trial court's dismissal of three theories of recovery regarding appellant's cause of action was reversible error. We hold that the dismissal probably caused the rendition of an improper judgment, and reverse and remand. TEX.R.APP.P. 81(b).

The parties dispute whether a 216 acre tract of land in Brazoria County, Texas is owned by Miller, Gann, and Perdue, individually, or by MGP Partnership, which was comprised of the parties to this appeal. Appellant, Miller, contends that the partnership owns the land and sued appellees for breach of fiduciary duty. In the trial court, appellant also sought to wind up and terminate the MGP Farm & Ranch partnership and requested relief in the form of an accounting and distribution of partnership assets, resulting and constructive trusts, recovery of the value of his capital account, advances, and contributions to the partnership, exemplary damages against Gann and Perdue for breach of fiduciary duties, and prejudgment and postjudgment interest. The trial court dismissed appellant's cause of action regarding ownership of the land in question and resulting and constructive trusts, granted appellees' motion for instructed verdict, withdrew appellant's case from the jury, and rendered judgment that appellant take nothing and that appellee Perdue recover the sum of $8,000 on his counterclaim. Appellant perfected appeal from the judgment.

In 13 points of error, appellant argues that the trial court erred in dismissing his cause of action regarding ownership of the land and constructive and resulting trusts; in denying his motion for separate trials; in holding, as a matter of law, that the land was not partnership property; in rejecting and excluding all evidence showing the partners' intent that the land and improvements were partnership property; in rejecting and excluding evidence that established that the March 10, 1970, deed from Miller to Gann and Perdue was without consideration and that there was a failure of consideration; in granting appellees' motion for instructed verdict and in withdrawing appellant's case from the jury and rendering judgment that appellant take nothing; and in rendering judgment for Perdue in the sum of $8,000.

We first consider points of error one and two, in which appellant maintains that the trial court erred in dismissing his cause of action regarding ownership of the land in question and constructive and resulting trusts. Our ruling on these points of error is dispositive of points of error four and five, which complain that the court erred in holding that the property was not owned by the partnership; six and seven, which complain that the court erred in excluding evidence that might be relevant to ownership; and nine and 12, which complain that the court erred in granting an instructed verdict on the ownership question.

Appellees request that this Court consider the trial court's dismissal of the owner-

ship and of the trust issues in light of their contentions that: (1) Rubycile Miller was an indispensable party who could not be joined in the cause of action and without whom the trial court lacks jurisdiction to proceed; and (2) appellant's characterization of the property in question as community property in his divorce proceeding judicially estops him from asserting that the property was owned by the partnership. First, we address the issue of whether the trial court abused its discretion in dismissing appellant's claims based on failure to join Rubycile Miller.

The record shows that the case was scheduled for trial at 9:00 a.m. on August 1, 1990. That afternoon, appellees filed a joint motion for leave to file amended answers and a motion to dismiss appellant's cause of action for failure to join "indispensable parties." The joint motion alleged that appellant did not contend that the land's mineral estate was partnership property until appellant answered interrogatories sent to him by Perdue on November 30, 1989, and alleged that Gann failed to receive a copy of the answers until July 22, 1990. Appellees urged that they both should be permitted to amend their answers to file a verified pleading of defect of parties, and then file a motion to dismiss the cause, because Rubycile P. Miller, an owner of a one-sixth mineral interest, is an "indispensable party," and had not been joined as a party to the suit.

The trial judge abated the cause of action until September 4, 1990, in order for Rubycile Miller to be made a party. On August 13, 1990, appellant filed his seventh amended original petition, naming Rubycile Miller as a party defendant.

On August 22, 1990, Rubycile Miller filed a motion for summary judgment, based on limitations. On August 29, 1990, appellant filed his eighth amended original petition, dismissing Rubycile Miller as a party defendant and adding her as an involuntary plaintiff. However, the court proceeded to trial on appellant's sixth amended original petition, in which Rubycile Miller is not named as a defendant or as an involuntary plaintiff.

On September 4, 1990, the trial judge granted Rubycile Miller's motion for summary judgment, based on limitations. On the same day, Gann and Perdue filed their second joint motion to dismiss. The trial court granted the motion and signed an order dismissing appellant's cause of action regarding ownership of the land and constructive and resulting trusts "for failure to timely join Rubycile Miller, an indispensable party, to this litigation."

■ This Court, therefore, must determine whether the trial court abused its discretion in granting appellees' motion to dismiss based on "failure to join an indispensible party." *Mercure Co. v. Rowland,* 715 S.W.2d 677, 680–81 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). In deciding whether a trial court abused its discretion, it is the duty of the appellate court to determine whether the trial court acted with reference to guiding rules and principles or whether the court's action was arbitrary and unreasonable. *See Yowell v. Piper Aircraft Corp.,* 703 S.W.2d 630, 635 (Tex.1986); *Downer v. Aquamarine Operations, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The scope of appellate review is limited to arguments raised in the motion to dismiss. *Mercure Co.,* 715 S.W.2d at 680–81. To prevail on appeal, the appellant must point to a clear abuse of discretion in the trial court's grant of the appellees' motion to dismiss. *Id.* at 681.

We first examine the language of rule 39 of the Texas Rules of Civil Procedure, which addresses joinder of persons needed for just adjudication. Section (a) provides:

A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or

otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

Section (b) states:

If a person as described in subdivision (a)(1)–(2) hereof *cannot be made a party,* the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable....

(Emphasis added.)

 The word "indispensable" appears only in section (b) of rule 39. This section is inoperative unless a person described in section (a) "cannot be made a party." We interpret this language to mean that a person who is not "subject to service of process," as stated in rule 39(a), is one who "cannot be made a party," as stated in 39(b). Thus, a court is justified in dismissing a cause of action or theory of recovery based on failure to join an indispensable party only if (1) the person cannot be served, and (2) the court determines, under 39(b), that the party is indispensable. In the present case, Rubycile Miller was served with process and was joined as a party; therefore, rule 39(b) was inapplicable. She chose not to have her rights adjudicated by asserting a limitations defense. We find that the summary judgment rendered in her favor did not make her an indispensable party, based on our interpretation of rule 39(b).

The Supreme Court of Texas has concluded that "Under the provisions of our present Rule 39, it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined." *Cooper v. Texas Gulf Indus., Inc.,* 513 S.W.2d 200, 203 (Tex.1974). Our review of Texas case law interpreting the present rule 39 shows that dismissal of a cause of action for failure to join a party has been upheld when a statute provides for mandatory joinder. *Brown v. Texas Employment Comm'n,* 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (unemployment compensation claimant's employer was indispensable party for appeal to trial court under TEX.REV.CIV. STAT.ANN. art. 5221b–5(i) (Vernon Supp. 1989)); *Reynolds v. Haws,* 741 S.W.2d 582 (Tex.App.—Fort Worth 1987, writ denied) (board of adjustment was indispensable party to appeal from its decision granting zoning variance, exception, and waiver under TEX.REV.CIV.STAT.ANN. art. 1011g(j–n) (Vernon Pamph. Supp.1987)).

Next, this Court notes that Rubycile Miller's rights are not contingent upon a determination of ownership of the property. She claims an undivided one-sixth interest in the mineral estate that was conveyed to her in 1978. Appellant's pleadings expressly exclude Rubycile Miller's interest and describe the property in question as "all real properties, surface and mineral, and improvements thereon, held in the names of WILLIAM MAC GANN or JIM M. PERDUE or their assignees, on or after March 10, 1970, described in the Appendix attached hereto." The attached appendix provides a legal description of the land, and specifically excludes "An interest in the oil, gas and other minerals in and under the land retained by Rubycile P. Miller...."

Though appellees rely on the case of *Travis Heights Improvement Association v. Small,* 662 S.W.2d 406, 413 (Tex.App.—Austin 1983, no writ), to argue that Rubycile Miller is an indispensable party and that the trial court lacked jurisdiction, *Travis Heights* is easily distinguished from the present cause of action. The *Travis Heights* case involved an action to declare a zoning ordinance invalid. The Austin Court of Appeals noted that where the city was not made a party, the trial court lacked jurisdiction. The *Travis Heights* case falls within the category of cases in which a trial court is justified in dismissing a cause of action for failure to join a party, where joinder is necessary to effect compliance with a statute. The Austin Court of Appeals concluded that the City of Austin was

a necessary party under Texas Revised Civil Statute Annotated article 2524–1, section 11 (now section 37.006 of the Texas Civil Practice and Remedies Code), which provided:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the Statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the State shall also be served with a copy of the proceeding and be entitled to be heard.

*Travis Heights*, 662 S.W.2d at 413.

Appellant was not obligated to join Rubycile Miller under any statutory authority. We find no support in the law or in the record for dismissal of the ownership and resulting and constructive trust theories of recovery for failure to join Rubycile Miller. Based on our interpretation of rule 39, we hold that the trial court lacked authority to dismiss appellant's theories of recovery, based on failure to join an indispensable party, and should have allowed the parties to proceed to trial on appellant's theories of recovery. Points of error one and two are sustained. Points of error four, five, six, seven, nine, and 12 are, therefore, moot.

Next, we examine the positions of appellant and appellees, who urge this Court to consider various judicial admissions, which they contend estop the parties from urging positions contrary to those taken in other proceedings. Appellant asks this Court to take judicial notice of statements made by appellees in briefs filed in a prior appeal of this cause of action, *Miller v. Gann*, No. 01–86–00905–CV, 1988 WL 3984 (Tex. App.—Houston [1st Dist.] Jan. 21, 1988, writ denied) (unpublished). Appellees point to inconsistencies in appellant's statements to the trial court regarding the issue of ownership and to documents and pleadings that appellees maintain establish conclu-

sively that appellant treated the property as being individually owned.

■ Appellees ask this Court to apply the principles articulated in the case of *Balaban v. Balaban*, 712 S.W.2d 775 (Tex. App.—Houston [1st Dist.] 1986, error ref'd n.r.e.). The *Balaban* case set forth criteria necessary for a judicial admission to exist and be conclusive against a party. First, the declaration must have been made in the course of a judicial proceeding. Next, the statement must be contrary to an essential fact embraced as a theory of recovery or defense by the party asserting the same. The statement must be made by the person giving the testimony and must be deliberate, clear, and unequivocal. The testimony must relate to a fact upon which judgment for the opposing party may be based. Finally, the court must conclude that giving conclusive effect to the declaration will be consistent with public policy. *Id.* at 777–78.

■ Appellees direct this Court's attention to the Decree of Divorce offered as defendants' exhibit 10. Attached to this document is a Property Settlement Agreement, which was signed and sworn to by appellant and incorporated as part of the Divorce Decree. Schedule 1 of the Property Settlement Agreement contains a list of all appellant's property interests, including an undivided one-third interest in the surface and mineral estates of the MGP Farm. Appellees state that the Property Settlement Agreement treats the surface rights and the mineral rights to the farm as being owned by appellant, individually, or by appellant and Rubycile Miller, as a community, and note that the exhibit makes no reference to the partnership. Appellees contend that if appellant viewed the farm as partnership property, he would not have listed it as part of the community estate. It is appellees' position that appellant is estopped to maintain that the property is owned by the partnership because he treated the property as being individually owned in the divorce action.

Our review of defendants' exhibit 10 shows that appellant did not appear before the court to give *testimony* about the prop-

erty characterization. In fact, the Decree of Divorce states that appellant took a nonsuit and appeared by counsel. The Property Settlement Agreement was approved by the court without appellant's "testimony." Because appellant did not testify about the property in question, the doctrine of judicial estoppel would not apply to bar appellant's contention that the property is owned by the partnership.

We expressly hold that the issue of ownership is a question of fact. Thus, all relevant evidence must be addressed to the attention of the factfinder. This Court will not pass on the merits of appellant's cause of action until the fact issues have been adjudicated by the trial court.

This Court looks with strong disfavor upon dismissal when issues are disputed without affording the parties their right to a full trial on the merits. The prior opinion of this Court, *Miller*, No. 01–86–00905–CV, reversed a summary judgment in favor of appellees regarding the ownership and trust issues. This Court's 1988 opinion and mandate clearly sent this case back to the trial court for a determination of the central issue of the case: what was the intent of the parties concerning ownership of the land? That question remains unanswered. We expect that the trial court will allow full and fair adjudication of the issues presented in the pleadings of the parties.

In point of error three, appellant asserts that the trial court erred in denying his motion for separate trials because the pleadings and the evidence clearly show that no claim has been made against Rubycile Miller and that she has made none against any of the parties to this suit. We have concluded that this cause of action may be tried without Rubycile Miller; therefore, we find that the motion for separate trials is moot.

Points of error eight and 11 set forth appellant's contentions that the trial court erred in granting appellees' motion for instructed verdict, withdrawing the case from the jury, and rendering judgment that appellant take nothing because the evidence established fact issues that appellees breached their duty of good faith and fair dealing and fact issues about appellees' willful breach of fiduciary duties and an actionable conspiracy of fraud and collusion sufficient to support an award of exemplary damages. Our holding on points of error one and two is dispositive of these points of error. Because appellant was precluded by the trial court from offering evidence that the land was owned by the partnership, his claims regarding fiduciary duty, if any, that arose from the partnership relationship were not adjudicated. We sustain points of error eight and 11.

In point of error 10, appellant argues that the trial court erred in granting appellees' motion for instructed verdict, withdrawing the case from the jury, and rendering judgment that appellant take nothing because the evidence established that appellant was entitled to reimbursement of his partnership advances and contributions, his capital account, and his post-dissolution partnership expenses in the sum of approximately $102,000. Appellant refers this Court to the partnership's income tax returns and financial and operating statements, which he maintains clearly show that his capital account on December 31, 1979, the year of dissolution, amounted to $74,023. Appellant maintains that his dissolution expenses were established in the amount of $28,072.94.

In reviewing the grant of an instructed verdict by the trial court on an evidentiary basis, the reviewing court will determine whether there is any evidence of probative force to raise fact issues on the material questions presented. *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978). This Court considers all of the evidence in a light most favorable to the party against whom the verdict was instructed, and disregards all contrary evidence and inferences, and gives the losing party the benefit of all reasonable inferences arising therefrom. *Collora*, 574 S.W.2d at 68. Every reasonable meaning deductible from the evidence is to be indulged in the nonmovant's favor. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 931 (Tex.1983). If there is any conflicting evidence of probative value on any theory of recovery, an instructed verdict is improper,

and the issue must go to the jury. *White v. Southwestern Bell Tel. Co.*, 651 S.W.2d 260, 262 (Tex.1983).

 Our review of the record reveals that numerous exhibits offered by appellant, including income tax returns of the partnership, were excluded by the trial court. While these documents do not conclusively establish the amount of appellant's capital partnership account, they raise fact issues on the material question of reimbursement. We, therefore, hold that the trial court erred in granting appellees' motion for instructed verdict. Point of error 10 is sustained.

Appellant contends, in point of error 13, that the trial court erred in rendering judgment for appellee Perdue in the sum of $8,000, because any recovery by Perdue was barred by estoppel, waiver, limitations, and laches. The partnership was dissolved by Perdue on August 2, 1979. The present lawsuit was filed on March 24, 1983. On November 3, 1989, Perdue filed a counterclaim for affirmative relief, including attorney's fees. Perdue's claim was based upon Miller's alleged ongoing failure to contribute a proportionate share of the expenses required to maintain the property. In that regard, Perdue introduced evidence of those expenses for every year from 1983 through 1990; however, he limited his request for damages to the years 1986 through 1990. The evidence showed that Miller's share of the expenses for those four years was over $12,000. We hold that Perdue's claims for reimbursement for expenses in the four years prior to the filing of Perdue's counter claim were not barred by the statute of limitations. Point of error 13 is overruled.

In a cross-point, appellee Gann maintains that the trial court erred and abused its discretion in denying his motion for sanctions on the sole basis that a paper must be filed in order to give rise to sanctions. In reviewing an order denying the imposition of sanctions, the appellate court may not substitute its judgment for that of the trial court. *Carr v. Harris County*, 745 S.W.2d 531, 532 (Tex.App.—Houston [1st Dist.] 1988, no writ). We hold that the trial court did not clearly abuse its discretion in refusing to impose sanctions on this basis. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986). The cross-point is overruled.

The judgment of the trial court is reversed as to all matters except the counter claim regarding appellee Perdue's counterclaim and the award of $8,000, and is remanded for a trial of all claims of appellant.