NUMBER 13-99-087-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


IRMA IMELDA FUENTES AND

JORGE FUENTES CARDENAS, Appellants,


v.



JOHN VENTURA,

BRUCE THRASHER, AND

VENTURA & THRASHER, Appellees.

____________________________________________________________________


On appeal from the 138th District Court of Cameron

County, Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 This appeal arises from the dismissal of a legal malpractice claim
against John Ventura, Bruce Thrasher, and the partnership of Ventura
& Thrasher (collectively "Ventura"). By a single issue, appellants, Irma
Imelda Fuentes and Jorge Fuentes Cardenas, contend the trial court
erred in dismissing their case.(1) Appellants assert the dismissal was (1)
an improper summary judgment, (2) an excessive sanction, and (3) a
violation of their due process rights. We affirm.

A. Background


 Appellants filed suit against Ventura on May 16, 1995, for
negligence, professional negligence, breach of warranty, breach of
contract, and gross negligence for its representation of appellants in a
medical malpractice lawsuit. On August 8, 1998, the trial court set a
trial date for February 8, 1999, with announcements set for February 4,
1999. Ventura sent two sets of interrogatories, requests for production
and requests for admission to Irma Fuentes on December 22, 1998. 
Appellants received these documents on December 23, 1998. The
requests were never answered. Appellants received notice of Ventura's
intention to take Irma Fuentes's oral deposition on January 13, 1999. 
Irma Fuentes failed to appear for the deposition on January 15, 1999. 
Ventura sent a notice for a second oral deposition on January 22, 1999. 
Irma Fuentes failed to appear for this deposition. On February 2, 1999,
Ventura filed a motion to dismiss and for sanctions. The trial court
granted the motion to dismiss on February 4, 1999.

B. Standard of Review


 The proper standard of review for a motion to dismiss is whether
the trial court abused its discretion. Bowers v. Matula, 943 S.W.2d
536, 538 (Tex. App.--Houston [1st Dist.] 1997, no writ). In determining
whether a trial court abused its discretion, we must determine whether
the trial court acted with reference to guiding rules and principles or
whether the trial court's actions were arbitrary and unreasonable. See
Yowell v. Piper Aircraft Corp., 703 S.W.2d 630, 635 (Tex. 1985);
Downer v. Aquamarine Operations, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985); Miller v. MacGann, 822 S.W.2d 283, 286 (Tex. App.--Houston
[1st Dist.] 1991), writ denied, 842 S.W.2d 641 (Tex. 1992) (per curiam). 
In addition, if the ruling is contrary to the case law, that also, is an
abuse of discretion. See Baywood Country Club v. Estep, 929 S.W.2d
532, 535 (Tex. App.--Houston [1st Dist.] 1996, writ denied). Our scope
of review is limited to those arguments raised by the motion to dismiss. 
Mercure Co., N.V. v. Rowland, 715 S.W.2d 677, 680-81 (Tex.
App.--Houston [1st Dist.] 1986, no writ); see Miller, 822 S.W.2d at 286.

C. Error In Dismissal


1. Lack of Notice


 Appellants contend they did not receive written notice that
Ventura's motion to dismiss and for sanctions was to be heard on
February 4, 1999. Appellants assert their lack of notice constitutes a
violation of due process. 

 The authorities make it clear that an order resulting in a final
dismissal of a plaintiff's cause of action when the plaintiff has not been
given notice involves more than a mere violation of the rules of practice
and procedure. This is ". . . because it involves the right of a plaintiff
who has alleged and filed a cause of action not to be deprived of an
opportunity to try his case." State v. Perkins, 143 Tex. 386, 185
S.W.2d 975, 977 (1945); Kuykendall v. Spicer, 643 S.W.2d 776, 778
(Tex. App.--San Antonio 1982, no writ). A person has a due process
right to a full hearing before a trial court may grant a motion to dismiss,
including the right to introduce evidence at a meaningful time and in a
meaningful manner. See Creel v. District Attorney for Medina County,
Tex., 818 S.W.2d 45, 46 (Tex. 1991). Ventura's motions to dismiss
were filed on February 2, 1999.(2) The certificates of service indicate the
motions were mailed to appellants on February 1, 1999, and February
2, 1999. 

 The record shows the parties appeared at the hearing on February
4, 1999. The trial court's docket sheet reflects the court heard evidence
and argument of counsel. The record does not reflect that appellants
asked the court reporter for the record of this hearing. See Tex. R. App.
P. 34.6(b), (c). The burden is on the appellant to see that a sufficient
record is presented to the appellate court to show error requiring
reversal. See Tex. R. App. P. 33.1; Escontrias v. Apodaca, 629 S.W.2d
697, 699 (Tex. 1982). Because appellants did not comply with Texas
Rule of Appellate Procedure 34.6, we must presume that the omitted
portions of the record support the trial court's judgment. Christiansen
v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990).

 We find nothing in the record showing that appellants objected to
the lack of notice. Thus, appellants have not preserved their complaint
for our review. See Tex. R. App. P. 33.1. 

2. Summary Judgment Disguised as Motion to Dismiss


 Appellants complain that Ventura's motion to dismiss was really
a motion for summary judgment. Appellants contend the motion was
based on the fact that the requests for admissions were not answered,
and accordingly deemed admitted into evidence, therefore Ventura was
asking for summary judgment. 

 Appellants assert that since Ventura's motion was a motion for
summary judgment, they were not given twenty-one days notice of the
hearing as required by Texas Rule of Civil Procedure 166a(c), thus, the
trial court erred in granting the motion. Assuming, arguendo, Ventura's
motion was for a summary judgment, when counsel appears on the day
of the hearing, she may not challenge the summary judgment solely on
the ground that she had no advance notice of the hearing date. Lara v.
Lile, 828 S.W.2d 536, 542 (Tex. App.--Corpus Christi 1992, writ
denied).(3) Moreover, to preserve a complaint for appellate review, a
party must present a timely objection and obtain an adverse ruling. Id.;
see Tex. R. App. P. 33.1. Because appellants did not provide this Court
with the reporter's record of the February 4, 1999 hearing, we have
nothing in the record showing that this complaint was brought to the
attention of the trial court. 

 In the motion to dismiss, Ventura contended that by failing to
respond to the Requests for Admissions, appellants "have admitted to
not having any valid cause of action or allegation against Ventura under
any theory of recovery." The admissions "preclude [appellants] from
presenting any evidence to substantiate any element of any cause of
action alleged."

 Failure to timely answer requests for admissions, to file written
objections, or to file a motion for late filing of the answers results in the
automatic admission of the matters covered in the requests. See Tex.
R. Civ. P. 198.2. This means that no evidence contrary to the facts so
admitted may be considered on behalf of the party making the
admission. See Marshall v. Vise, 767 S.W.2d 699, 700 (Tex. 1989).

 Appellants' deemed admissions established that there was
nothing left for the court to try. The admissions established that: (1)
there was no employment contract between appellants and Ventura; (2)
Ventura never represented appellants in a medical malpractice lawsuit;
(3) the statute of limitations barred appellants from bringing a legal
malpractice lawsuit against Ventura; (4) Ventura was not negligent; (5)
Ventura did not commit gross negligence; (6) Ventura did not breach
any warranty; and (7) Ventura did not violate any legal duty or
professional standard of care. Because the requests were deemed
admitted, appellants had no grounds upon which to pursue their
lawsuit against Ventura.

 Pursuant to its inherent power, a trial court may dismiss a lawsuit
for the plaintiff's failure to prosecute it with due diligence, separate and
apart from statutory or rule authority. See Veterans' Land Bd. v.
Williams, 543 S.W.2d 89, 90 (Tex. 1976); Burton v. Hoffman, 959
S.W.2d 351, 353 (Tex. App.--Austin 1998, no pet.) (plaintiff refused to
proceed when case was called). In fact, one of the fundamental powers
possessed by a trial court is the power to dismiss a case when a litigant
refuses to prosecute it. See Bevil v. Johnson, 157 Tex. 621, 307
S.W.2d 85, 87 (1957); Miller v. Kossey, 802 S.W.2d 873, 877 (Tex.
App.--Amarillo 1991, writ denied). The ability to dismiss is subject to
review under the abuse of discretion standard. See MacGregor v. Rich,
941 S.W.2d 74, 75 (Tex. 1997).

 Given that appellants have failed to provide this Court with the
record from the February 4, 1999 hearing, we do not know what
transpired at the hearing. Appellants could have simply told the trial
court that they did not wish to proceed with their case against Ventura. 
Since appellants' admissions establish that they had no cause of action
against Ventura, we cannot conclude that the trial court abused its
discretion in granting Ventura's motion to dismiss.

3. Death Penalty Sanction


 Appellants contend the trial court's dismissal of the lawsuit was
a "death penalty" sanction. Appellants assert this sanction was
inappropriate under Transamerican Natural Gas Corp. v. Powell, 811
S.W.2d 913 (Tex. 1991), because the trial court failed to impose lesser
sanctions first.

 The two prong test in Transamerican states that: (1) "a direct
relationship must exist between the offensive conduct and the sanction
imposed," and (2) "it must not be excessive." Transamerican, 811
S.W.2d at 917. Transamerican further states that "courts must
consider the availability of less stringent sanctions and whether such
lesser sanction would fully promote compliance." Id. 

 Assuming, arguendo, the trial court's dismissal was a sanction,
rather than the result of its inherent power, appellants have failed to
provide this Court with the record of the February 4, 1999 hearing at
which any discussion of this alleged "sanction" occurred. In their own
brief, appellants state, "nothing in the record indicates that the trial
court considered the imposition of lesser sanctions or that such
sanctions would not have been effective." If the dismissal was a
sanction, the trial court may very well have considered the availability
of less stringent sanctions at the hearing and found that appellants
were still not willing to comply with Ventura's discovery requests.

 Because we have no record of the February 4, 1999 hearing, we
cannot say the trial court abused its discretion by dismissing appellants'
lawsuit. Appellants' sole issue is overruled.

 We affirm the trial court's order dismissing this cause.



 FEDERICO G. HINOJOSA

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

31st day of August, 2000.


1. The appellants' brief before this Court is a pro se brief filed by Irma Fuentes. 
Although Irma Fuentes drafted and filed the brief herself, the brief appears to also be
on behalf of Jorge Fuentes Cardenas.
2. Two separate motions were filed on February 2, 1999. The first motion is
entitled "Motion to Dismiss and For Sanctions" and was filed on behalf of John
Ventura, individually and as a partner of Ventura & Thrasher, and/or as an employee
of Ventura & Thrasher, a Professional Corporation, Ventura & Thrasher, a partnership,
and Ventura & Thrasher, a Professional Corporation. The second motion is entitled:
"Defendants John Ventura, individually and as Partner of Ventura & Thrasher, and/or
as an Employee of Ventura & Thrasher, Professional Corporation, Ventura & Thrasher,
a Partnership, and Ventura & Thrasher, Professional Corporation's Motion to
Dismiss."


 Bruce Thrasher filed his motion to dismiss on February 3, 1999. The Certificate
of Service reflects the motion was mailed to appellants on February 2, 1999.
3. Although appellants proceeded pro se, pro se litigants are held to the same
standards as licensed attorneys. Brown v. Texas Employ. Comm., 801 S.W.2d 5, 8
(Tex. App.--Houston [14th Dist.] 1990, writ denied).