**Opinion issued September 10, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

——————————

## NO. 01-12-00175-CV

——————————

### KIMBERLY [KIMBLEY] HAROLD, Appellant

### V.

### MATTHEW M. CARRICK, CAROLYN M. BERG, DOAN NGUYEN, AND DAVID CHAFEY, Appellees

---

On Appeal from the 113th District Court
Harris County, Texas
Trial Court Case No. 2009-65980

---

## MEMORANDUM OPINION

In this appeal, we consider whether section 101.106(f) of the Texas Tort

Claims Act[1] violates the "open courts" provision of the Texas Constitution.[2] We

---

[1]     That section provides:

also consider whether the Texas Supreme Court's opinion in *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011) violates the "takings"[3] and "due process"[4] provisions of the United States Constitution, and whether the plaintiff can maintain a claim against the health care provider defendants under 42 U.S.C. § 1983. We affirm.

## BACKGROUND

Appellant, Kimberly [Kimbley] Harold, brought a medical malpractice claim against appellees, Matthew M. Carrick, Carolyn M. Berg, Doan Nguyen, and David Chafey, health care providers at Ben Taub Hospital, alleging that they negligently failed to timely diagnose and treat her for an intestinal infection. The health care providers filed a motion to dismiss, pursuant to section 101.106(f) of the Texas Civil Practice and Remedies Code, which the trial court granted.

---

If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (Vernon 2011).

[2] *See* TEX. CONST. art. I, § 13.

[3] *See* U.S. CONST. amend. V.

[4] *See* U.S. CONST. amend. XIV.

2

Harold amended her petition to "seek[] recovery under § 1983 against each doctor (in their individual capacity only) for violating Plaintiff's substantive and procedural due process right through their neglect and for acting under color of state law in doing so[.]" The health care providers moved for summary judgment on Harold's § 1983 claims, which the trial court granted.

In five issues on appeal, Harold contends the trial court erred in granting the health care providers' motions to dismiss and summary judgment.

## OPEN COURTS

In her first issue, Harold claims that the trial court erred in granting the medical providers' motion to dismiss, alleging that section 101.106(f) violates the "open courts" provision. Essentially, Harold contends that the statute abrogates her right to bring a malpractice action against the doctors by legislatively overruling *Kassen v. Hatley*, 887 S.W.2d 4, 11 (Tex. 1994), in which the supreme court decided that government-employed personnel do not have official immunity regarding their alleged negligence in exercising medical discretion in the treatment of their patients. We agree that section 101.106 statutorily extends immunity to acts of government employees acting within their official capacity. *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 89–90 (Tex. 2011) (citing *Franka*, 332 S.W.3d at 371 n.9). The issue we must decide is whether it does so constitutionally.

3

## Standard of Review

The proper standard of review for a motion to dismiss is abuse of discretion. *Bowers v. Matula*, 943 S.W.2d 536, 538 (Tex. App.—Houston [1st Dist.] 1997, no writ). In determining whether a trial court abused its discretion, we must determine whether the trial court acted with reference to guiding rules and principles or whether the trial court's actions were arbitrary and unreasonable. *See Miller v. Gann*, 822 S.W.2d 283, 286 (Tex. App.—Houston [1st Dist.] 1991), *writ denied*, 842 S.W.2d 641 (Tex. 1992). In addition, if the ruling is contrary to the case law, it is an abuse of discretion. *See Baywood Country Club v. Estep*, 929 S.W.2d 532, 535 (Tex. App.—Houston [1st Dist.] 1996, writ denied). The scope of review is limited to those arguments raised in the motion to dismiss. *Brown v. Aetna Cas. & Sur. Co.*, 145 S.W.2d 171, 174 (1940).

## Analysis

The "open courts" provision states that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. "This provision, among other things, prohibits the Legislature from unreasonably restricting common law causes of action." *Thomas v. Oldham,* 895 S.W.2d 352, 357 (Tex. 1995) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 448 (Tex. 1993)).

4

Statutes are presumed to be constitutional. TEX. GOV'T CODE ANN. § 311.021(1) (Vernon 2011); *Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003). When challenging a statute as unconstitutional on the basis that it restricts a common law cause of action, the litigant must demonstrate that (1) the statute restricts a well-recognized common law cause of action; and (2) the restriction is unreasonable when balanced against the statute's purpose. *Flores v. Law*, 8 S.W.3d 785, 787 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (citing *Thomas*, 895 S.W.2d at 357).

In *Williams v. Nealon*, 394 S.W.3d 9, 14 (Tex. App.—Houston [1st. Dist.], pet. denied), this Court held that section 101.106 does not violate the "open courts" provision, noting the supreme court's opinion in *Franka*, 332 S.W.3d 367.

While the *Franka* court was not presented with an "open courts" challenge to section 101.106(f), it did opine on the outcome of such a challenge as follows:

> We recognize that the Open Courts provision of the Texas Constitution "prohibits the Legislature from unreasonably abrogating well-established common-law claims," but restrictions on government employee liability have always been part of the tradeoff for the Act's waiver of immunity, expanding the government's own liability for its employees' conduct, and thus "a reasonable exercise of the police power in the interest of the general welfare."

*Franka*, 332 S.W.3d at 385 (internal citations omitted). "Thus, the supreme court has indicated that an open courts challenge to section 101.106(f) would fail

5

because the restriction is reasonable when balanced against the statute's purpose."

*Williams*, 394 S.W.3d at 12.

We also relied on *Hintz v. Lally*, 305 S.W.3d 761, 772–73 (Tex. App.—Houston [14th Dist.] 2009, pet. denied), a pre-*Franka* case, in which the court stated,

> The Texas Supreme Court has addressed an open courts challenge to the pre–2003 version of section 101.106. *See Thomas,* 895 S.W.2d at 357–58. The prior version of section 101.106 stated that "[a] judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." *See id.* at 355. The supreme court concluded that, under this provision, "a judgment in an action against a governmental unit under the Tort Claims Act bars the simultaneous rendition of a judgment against the employee whose actions gave rise to the claim." *Id.* at 357.

> The plaintiff in *Thomas* argued that section 101.106's bar on simultaneous judgments against the governmental employee and the governmental employer violated the open courts provision. *Id.* The supreme court rejected this challenge because "[t]he Tort Claims Act broadened, rather than restricted, an injured party's remedies." *Id.* The statute did so by creating a limited waiver as to governmental units that were immune from liability at common law. *Id.* "Although a plaintiff who pursues the statutory remedy against the government may lose his or her common law remedy against the employee, the plaintiff is not required to follow this course." *Id.* at 357–58. "He or she may still opt to pursue the full common law remedy against the responsible employee, foregoing or postponing any attempt to recover from the government." *Id.* at 358 (footnote omitted); *see also Flores,* 8 S.W.3d at 788 ("Law could have pursued a common-law remedy against Flores, foregoing or postponing any attempt to recover from UTHSC. As such, section 101.106 does not restrict a well-recognized cause of action.").

> *Thomas*'s rationale does not readily translate to the post–2003 version of section 101.106 because newly added subsection (f) "does not give the plaintiff the option of continuing with a lawsuit against the governmental employee." *Bailey v. Sanders,* 261 S.W.3d 153, 159 (Tex. App.—San Antonio 2008, pet. granted). However, *Thomas*'s bottom-line holding rejecting an open courts challenge nonetheless applies here because section 101.106(f)'s restriction is reasonable when balanced against the statute's purpose.

*Williams*, 394 S.W.3d at 12–13 (quoting *Hintz*, 305 S.W.3d at 772–73).

This Court ultimately concluded that, even though, under *Franka*, a defendant seeking dismissal under section 101.106(f) no longer must show that a suit against his employer under the Tort Claim Act would not be subject to dismissal, the *Hintz*'s holding—"that 'section 101.106(f)'s restriction . . . is reasonable when balanced against the statute's purpose'—remains sound and in line with the supreme court's pronouncement in *Franka*." *Williams*, 394 S.W.3d at 13 (quoting *Hintz*, 305 S.W.3d at 773). "In exchange for the Tort Claims Act's waiver of sovereign immunity in certain situations, the statute limits a litigant's cause of action against employees of the state acting in the course and scope of their employment." *Williams*, 394 S.W.3d at 13–14. The restriction serves to "narrow the issues, reduce delay, and avoid duplicative litigation." *Id.* at 14 (quoting *Hintz*, 305 S.W.3d at 773). Thus, we hold that such a restriction is "a reasonable exercise of the police power in the interest of the general welfare." *Id.* (citing *Franka*, 332 S.W.3d at 385 (quoting *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 520 (Tex. 1995)); *see also Kamel v. Univ. of Tex. Health*

7

*Sci. Ctr. at Houston*, 333 S.W.3d 676, 688 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (holding current version of section 101.106(f) does not violate open courts provision))

Following this Court's opinion in *Williams*, we overrule issue one.

In a related issue, Harold argues that the supreme court's opinion in *Franka* violates the "takings" and "due process" clauses of the United States Constitution. Specifically, Harold argues that she had a "vested interest in how her common law rights would be eliminated by the legislature," claiming that "there was no constitutional amendment that authorized the Texas legislature to eliminate the common law right to sue governmental medical providers in their individual capacity." Harold points out that after personal injury damage caps were held unconstitutional in *Lucas v. U.S.*, 757 S.W.2d 687, 692 (Tex. 1988), a constitutional amendment was required permitting damage caps, but that such constitutional amendment applies only to limiting damages, not eliminating causes of action entirely. Harold contends that, absent a constitutional amendment, *Franka*'s elimination of her common law cause of action not only violates the "open courts," provision, it also violates both the "takings" and "due process" clauses.

And, therein lies the fallacy of Harold's argument. After *Lucas*, a constitutional amendment was required before passing statutes imposing damage

8

caps *because the Lucas court had held that such a statute violated the "open courts" provision*. Here, the *Franka* court did not address the "open courts" provision, and this Court has held that section 101.106(f) does not violate the "open courts" provision. *Williams*, 394 S.W.3d at 13.

There being no "open courts" violation, no constitutional amendment was required, and no "taking" or "due process" violation based on the absence of a constitutional amendment will lie.

We overrule issue two.

## 42 U.S.C. § 1983

In three related issues, Harold contends the trial court erred in granting the health care providers' motion for summary judgment on her claims under 42 U.S.C. § 1983. The health care providers respond that the trial court properly granted their motion for summary judgment because, even taking Harold's petition and summary judgment evidence as true, she has failed to state a claim under that statute as a matter of law.

### *Standard of Review*

The summary-judgment movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Because summary judgment is a question of law, we review a trial court's

summary judgment decision de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

To prevail on a "traditional" summary-judgment motion asserted under Rule 166a(c), a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Crim. Justice,* 148 S.W.3d 374, 381 (Tex. 2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

*Analysis*

To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.,* 233 F.3d 871, 874 (5th Cir. 2000).

In the context of medical care, or lack of care, the Eighth Amendment prohibits the unnecessary and wanton infliction of pain or care repugnant to the conscience of mankind. *Estelle v. Gamble*, 429 U.S. 97, 104–06, 97 S. Ct. 285 (1976). Not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Id.* at 105. A complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of

medical mistreatment under the Eighth Amendment." *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) (citing *Estelle,* 429 U.S. at 105). Neither "'negligence, neglect or medical malpractice'" gives rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (citing *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). "[N]egligent or mistaken medical treatment or judgment does not implicate the eighth amendment and does not provide the basis for a civil rights action." *Graves v. Hampton,* 1 F.3d 315, 319 (5th Cir. 1993). A negligent or "inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle*, 429 U.S. at 105–06. Unsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado*, 920 F.2d at 321.

Here, Harold's First Amended petition alleged that the health care providers "***negligently provided medical care*** to Kimberly Harold by, inter alia, ***failing to diagnose and treat Plaintiff*** concerning intestinal infection all as more fully described by Dr. Robert Jacobson in his report and first supplemental report as Exhibit C."

Dr. Jacobson's report contained the following:

In summary, in review of the records, as well as my long experience in colon and rectal surgery and general surgery, in my opinion, the doctors at Ben Taub ***breached the standard of care owed to Kimbley Harold by failing to re-act and properly evaluate the radiographic***

11

*evidence* of August 9th and August 11th and timely diagnose Kimbley Harold with a crushing injury to the blood vessels that supply blood to the colon. ***This failure to timely evaluate and diagnose*** the problem with the bowel, lead to the death of the bowel, which lead to the rupture of the bowel which lead to the massive infection that ensued. This delay in diagnosis, lead to a delay in treatment and greatly compromised the patient requiring her to undergo extensive surgeries designed to address the massive infection problem in the abdomen which could have been largely avoided had the Ben Taub doctors properly addressed the problem which should have been discovered. I discuss these opinions in more detail below. A trauma of this severity can cause many injuries some immediate and others delayed.

In her first supplemental petition, Harold alleged:

Plaintiff seeks recovery under § 1983 against each doctor (in their individual capacity only) for violating Plaintiff's substantive and procedural due process rights ***through their neglect*** and for acting under color of state law in doing so (the TTCA/Franks legal fiction scheme); to wit: invoking TTCA/Franks to take away all of Plaintiff's common law remedies and to arbitrarily and ***negligently fail to act upon the x-ray evidence***. Such violations constitutionally injured Plaintiff in violation of her 14th Amendment rights; to wit: deprivation of liberty without due process of law both procedurally and substantively.

Finally, in her second supplemental petition, Harold asserted:

Defendants unnecessarily and wantonly inflicted harm on Plaintiff ***by providing inadequate medical care***. Defendant exhibited deliberate indifference to Plaintiff's serious medical needs. Defendants violated Plaintiff's so stated constitutional rights as follows:

First: Defendant displayed deliberate indifference to the free air findings which were documents in the radiological films and reports . . .;

Second: That the plaintiff's illness or injury was serious because the free air evidence demonstrated that the Plaintiff suffered from a ruptured intestine . . .; and

12

Third: That the plaintiff was severely injured *as a result of Defendants [sic] acts or omissions* regarding Plaintiff's serious illness or injury was revealed by the radiographic evidence demonstrating free air in the abdomen.

Despite Harold's insistence that this cause is one of constitutional proportions, she is attempting to turn a medical malpractice tort case into a section 1983 claim. *Godinet v. Thomas*, 824 S.W.2d 632, 633 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Her pleadings and summary judgment evidence are clearly based on the assertion that the medical providers were negligent in failing to timely diagnose the damage to her colon caused by her injury.

As such, Harold has failed to allege the deprivation of a right, privilege or immunity secured by the Constitution or the laws of the United States, and her petition and summary judgment evidence, even when taken as true, do not support a cause of action under 42 U.S.C. § 1983 as a matter of law.

Accordingly, the trial court did not err in granting the medical providers' motion for summary judgment on her § 1983 claims. We overrule Harold's third through fifth issues on appeal.

13

**CONCLUSION**

We affirm the trial court's judgment.



Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.