**CONRAD CONSTRUCTION
CO., LTD, Appellant**

v.

**FREEDMEN'S TOWN PRESERVA-
TION COALITION, Catherine Rob-
erts, and Gladys House, Appellees**

NO. 14–15–00280–CV

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed March 8, 2016

Benjamin Lewis Hall III, Robert A. Plessala, Houston, TX, for appellant.

Benjamin Lewis Hall III, Houston, TX, for appellee.

## OPINION

Martha Hill Jamison, Justice

The City of Houston hired appellant Conrad Construction Co., Ltd. to improve

water and sewage systems in Freedmen's Town through a project that would require uprooting, cleaning, and returning bricks and replacing broken or missing bricks on paved streets. Appellees Freedmen's Town Preservation Coalition, Catherine Roberts, and Gladys House (collectively, the Coalition) oppose the project on the grounds that the brick streets have historical significance and the project will disturb, alter, damage, or destroy the bricks and eviscerate the historical significance of the streets. The trial court granted the Coalition's temporary injunction to halt work on the project. Conrad filed a combined plea to the jurisdiction and motion to dissolve the temporary injunction, which the trial court denied. In two issues, Conrad challenges the trial court's rulings. Concluding that the temporary injunction order does not include a necessary party, we reverse and remand for joinder of necessary parties or a determination by the trial court that those parties cannot be joined.

## Background

The Fourth Ward in Houston, Texas is known as Freedmen's Town because it was settled by emancipated slaves. Initially, the thoroughfares in Freedmen's Town were dirt streets that turned into mud when it rained. As a result, residents paid for bricks to pave two streets in Freedmen's Town, and resident brick masons from Freedmen's Town laid the bricks. The bricks were laid in a crossroads pattern that originated with West African tribes. This pattern had several meanings for the community: as a symbol of their spiritual link to ancestors, religious symbol, means of communicating with gods and spirits, method of behavioral and so-

cial control for the inhabitants, means of warding off evil spirits, and method for inhabitants to communicate secretly with each other. The brick streets are unique in Harris County and probably the State of Texas. Freedmen's Town has been on the National Register of Historic Places since 1984 and was designated by the City as a "Historic District of the City of Houston" in 1992.

The City entered into a contract with Conrad in 2014 to replace water, sewage, and drainage lines in Freedmen's Town. The project would require removing bricks from the streets, cleaning or replacing bricks, and repaving the streets without placing bricks in their original locations or patterns. Before Conrad began removing the bricks, the Coalition filed this lawsuit seeking a temporary restraining order and temporary and permanent injunctions prohibiting Conrad and the City from removing, damaging, altering, or destroying the bricks.

The Coalition sought a declaratory judgment that Conrad and the City are required to and did not obtain a permit from the Texas Historical Commission permitting them "to perform any construction work which would remove, alter, damage, destroy, salvage or excavate any bricks from any of the streets, alleys and avenues located within the geographical boundaries of Freedman's Town" and an injunction "to enforce the provisions of the Texas Antiquities Code."[1] See Tex. Civ. Prac. & Rem. Code §§ 37.001–.011 (declaratory judgments); Tex. Nat. Res.Code § 191.173 (creating private right of action to "restrain and enjoin violations or threatened violations of this chapter"). The temporary restraining order was granted, and the City filed a plea to the jurisdiction

1. The Texas Antiquities Code is located in chapter 191 of the Natural Resources Code.

See Tex. Nat. Res.Code §§ 191.001–.174.

alleging that the Coalition's claims against the City are barred by governmental immunity.

The trial court denied the plea, and the City filed a notice of appeal during the hearing on the temporary injunction. The City argued that the trial court was required to halt the injunction hearing due to the pendency of the appeal, which would have allowed the temporary restraining order to expire. As a result, the Coalition nonsuited its claims against the City so the injunction hearing could proceed on the claims against Conrad only.[2] The trial court ultimately granted the temporary injunction.[3] Conrad filed a combined plea to the jurisdiction and motion to dissolve the temporary injunction, which the trial court denied.

### Discussion

In two issues, Conrad challenges the trial court's grant of the temporary injunction and denial of Conrad's plea to the jurisdiction and motion to dissolve the temporary injunction. Conrad contends, among other things, that the City is an indispensable party under Texas Rule of Civil Procedure 39. Conrad asserts that the City's nonsuit from the case deprived the trial court of jurisdiction over the dispute.[4]

"A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002); *Cameron Int'l Corp. v. Guillory*, 445 S.W.3d 840, 845 (Tex.App.–Houston [1st Dist.] 2014, no pet.). "A temporary injunction is an extraordinary remedy and does not issue as a matter of right." *Butnaru*, 84 S.W.3d at 204. To obtain one, the applicant must plead and prove (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.*; *Guillory*, 445 S.W.3d at 845. "An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by a certain pecuniary standard." *Butnaru*, 84 S.W.3d at 204.

The temporary injunction applicant bears the burden of production to offer some evidence of each of these elements. *Guillory*, 445 S.W.3d at 845 (citing *In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 204 (Tex.2002)). The applicant is not required to establish that it ultimately will prevail at trial, only that it is entitled to preservation of the status quo pending trial on the merits. *Id.* (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993)).

2. This court thereafter dismissed the City's appeal as moot.

3. Conrad had been represented by the City's counsel at the temporary injunction hearing before the City was nonsuited, so the trial court continued the hearing to give Conrad time to obtain new counsel.

4. Conrad also argues that (1) the streets have not been designated as state archeological landmarks by the Texas Historical Commission, and thus a permit was not required to do the work; (2) the City, not Conrad, was required to obtain any necessary permits for the work; (3) the Coalition did not present any evidence of who owns the land and the permit requirement applies only to landmarks on public land; (4) the Texas Historical Commission has exclusive jurisdiction to designate landmarks; and (5) the Coalition did not submit "a complete and valid nomination form to" the Texas Historical Commission to designate the streets as landmarks. We do not reach these issues because we conclude that the trial court abused its discretion in granting the temporary injunction without the presence of all the necessary parties.

Whether to grant or deny a temporary injunction rests within the trial court's sound discretion. *Butnaru*, 84 S.W.3d at 204; *Guillory*, 445 S.W.3d at 845. We should reverse an order on injunctive relief only if the trial court abused that discretion. *Butnaru*, 84 S.W.3d at 204. "A trial court abuses its discretion in granting or denying a temporary injunction when it misapplies the law to the established facts." *INEOS Grp. Ltd. v. Chevron Phillips Chem. Co.*, 312 S.W.3d 843, 848 (Tex.App.–Houston [1st Dist.] 2009, no pet.). The reviewing court must not substitute its judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id.* We review the evidence submitted to the trial court in the light most favorable to its ruling, drawing all legitimate inferences from the evidence, and deferring to the trial court's resolution of conflicting evidence. *Guillory*, 445 S.W.3d at 845. "Our review of the trial court's decision is limited to the validity of its temporary injunction order; we do not consider the merit of the underlying case." *Guillory*, 445 S.W.3d at 845 (citing *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex. 1978)).

The trial court has broad discretion in deciding matters of joinder of parties under Rule 39. *Longoria v. Exxon Mobil Corp.*, 255 S.W.3d 174, 179 (Tex. App.–San Antonio 2008, pet. denied). A trial court abuses its discretion if it acts in an unreasonable and arbitrary manner or without reference to any guiding rules or principles. *Miller v. Gann*, 822 S.W.2d 283, 286 (Tex.App.–Houston [1st Dist.] 1991, writ denied). Although Rule 39 provides for joinder in mandatory terms, there is no arbitrary standard or precise formula for determining whether a particular person falls within its provision. *Longoria*, 255 S.W.3d at 180. If the trial court determines an absent party falls within the provisions of the rule, the court has a duty to effect the person's joinder. *Id.*

At the hearing on the temporary injunction, Conrad argued that the City was "the real party in interest" and thus a necessary party under Rule 39. The trial court responded, "[T]he court doesn't see anything in its records or file to show that [Conrad] sought to make the City a party in the case or to add the City as a necessary party." Conrad responded that it was not required to do so, because it did not have a claim against the City. The trial court concluded:

> I believe in terms of a temporary injunction hearing that we do have the proper party before the court and . . . while the court doesn't find that the City has been shown to be a necessary party again, had [Conrad] wished to[,] it could have sought to join the City of Houston as a necessary party, and no request was made. . . .

In its plea to the jurisdiction and motion to dissolve the temporary injunction, Conrad argued that the nonsuited City is an "indispensable third part[y]" under Rule 39 and the case could not commence without the City. Conrad also argued that it was the Coalition's responsibility to request joinder of the City. However, under Rule 39, the trial court must order joinder of necessary parties unless they cannot be joined. Tex.R. Civ. P. 39. There is no requirement in the rule for the Coalition to request joinder once the lack of a necessary party had been brought to the trial court's attention.

Rule 39(a) sets forth when an absent party must be joined in a lawsuit; whereas, Rule 39(b) addresses whether a lawsuit "in equity and good conscience" should proceed when the absent party cannot be made a party. Tex.R. Civ. P. 39(a)-(b). Rule 39(b) is inoperative unless a

person described in Rule 39(a) "cannot be made a party."[5] *Miller*, 822 S.W.2d at 287. To determine whether to proceed without the City as a party, therefore, the trial court was required to determine first whether the City was a necessary party. *See id.*

The City contracted with Conrad to implement the project. Thus, the City's interests are at stake. Without the City's presence in the case, complete relief cannot be afforded to the Coalition because the City could hire another party to proceed with the project. *See* Tex.R. Civ. P. 39(a) (requiring joinder if complete relief cannot be accorded among parties already in lawsuit). It is undisputed that the City has the authority to obtain the required permits from the Commission, while Conrad asserts that it lacks such authority. Moreover, the Coalition contends that both the City and Conrad are violating the Texas Antiquities Code. We thus conclude that the trial court abused its discretion in either failing to effect the joinder of the City or to determine they could not be joined under Rule 39(b) before granting the temporary injunction. *See Kodiak Res., Inc. v. Smith*, 361 S.W.3d 246, 252 (Tex.App.–Beaumont 2012, no pet.) (reversing and remanding judgment for proceedings consistent with opinion because joinder of non-parties was "needed for a just adjudication").

In its plea to the jurisdiction, the City asserted that the Coalition's claims against the City were barred by governmental immunity. The trial court determined that the Coalition's claims against the City were not barred by governmental immunity. That issue is not before us, and we do not have an adequate record on appeal from which to make that determination. *But see City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73 (Tex.2009) (holding a suit alleging government officials, in their official capacity, violated a statute was not barred by governmental immunity). In any event, the court's ruling on a plea to the jurisdiction answers a different question than a court's determination of whether the City "cannot be made a party" to the litigation, which the court must next determine under Rule 39(b).

### *Conclusion*

We reverse the temporary injunction order and remand for joinder of necessary parties and a new temporary injunction hearing or a determination by the trial court that those parties cannot be made a party under Rule 39(b).[6] *See Kodiak Res.*, 361 S.W.3d at 252.

---

**5.** Conrad argues that the absence of the City deprived the trial court of jurisdiction. Prior to the enactment of the present Rule 39, courts drew a distinction between necessary and indispensable parties. *Vondy v. Comm'rs Court of Uvalde Cnty.*, 620 S.W.2d 104, 106 (Tex.1981). If a party truly were indispensable under the old rule, the inability to join that party would have been a jurisdictional defect. *See id.* Under the current rule, the concern is less about the jurisdiction of a court to proceed and more a question of whether the court ought to proceed only with those who are present. *Id.* Accordingly, only in rare circumstances could a party's absence

deprive the court of jurisdiction to adjudicate between the parties who are before the court. *Id.; Phillips v. Parrish*, No. 01–96–00822–CV, 1997 WL 549227, at *6 (Tex.App.–Houston [1st Dist.] Aug. 29, 1997, writ denied). We need not decide at this juncture whether the City's absence is one of those rare circumstances that would deprive the trial court of jurisdiction because we are remanding for joinder of necessary parties or a determination that they cannot be joined.

**6.** Citing *Miller*, the Coalition argues that the City was not a necessary party because it had an opportunity to assert its rights in the trial

court but chose instead to assert the defense of governmental immunity. In *Miller*, the First Court of Appeals held that a party who had been before the trial court and obtained summary judgment based on limitations "chose not to have her rights adjudicated" and thus was not a party who could not be joined under Rule 39(b). *See Miller*, 822 S.W.2d at 287. We do not reach whether the City can be joined under Rule 39(b).