William H. NEALON, M.D., and Eric M. Walser, M.D., Petitioners,

v.

Harry WILLIAMS, Respondent.

No. 06–0752.

Supreme Court of Texas.

Jan. 21, 2011.

Rehearing Denied April 1, 2011.

George W. Vie III, Mills Shirley L.L.P., Houston, TX, for William H. Nealon, M.D.

Ralph D. Huston, The Huston Law Firm, Houston, TX, for Harry Williams.

PER CURIAM.

Respondent Harry Williams sued petitioners Dr. William H. Nealon and Dr. Eric M. Walser, faculty members at the University of Texas Medical Branch at Galveston, on health care liability claims after his pancreas was injured during a diagnostic procedure of his bile ducts. Nealon and Walser moved to dismiss the suit under section 101.106(f) of the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE § 101.106(f), claiming that the suit was based on conduct within the general scope of their employment and that the cause of action could have been brought against UTMB. Williams responded and argued that the statute violates the Open Courts provision of the Texas Constitution, TEX. CONST. art. I, § 13.

The trial court dismissed the action and Williams appealed both issues. The court of appeals reversed the trial court's judgment on the first issue, without reaching the second, and remanded the case for further proceedings. 199 S.W.3d 462, 467 (Tex.App.-Houston [1st Dist.] 2006). The court of appeals held that the doctors did not show that Williams' claim could have been brought against UTMB under the Act, a requirement of section 101.106(f). *Id.* at 466.

While this case has been pending on appeal, we have decided *Franka v. Velasquez,* 332 S.W.3d 367 (Tex.2011), holding that, for purposes of section 101.106(f), a tort action is brought "under" the Texas Tort Claims Act, even if the government has not waived its immunity for such actions. 332 S.W.3d at 370–71. In light of *Franka,* we grant Nealon's and Walser's petition for review, and without hearing oral argument, reverse the court of appeals' judgment and remand the case to the court of appeals for further proceedings. TEX.R.APP. P. 59.1.