**Harry WILLIAMS, Appellant**

v.

**William H. NEALON, M.D. and Eric M. Walser, M.D., Appellee.**

**No. 01–05–00553–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 7, 2012.

Ralph D. Huston, The Huston Law Firm, Houston, TX, for appellant.

S.R. Lewis Jr., Lewis & Williams L.L.P., George W. Vie III, Mills Shirley, LLP, Galveston, TX, for appellee.

Panel consists of Chief Justice RADACK and Justices HIGLEY and BROWN.

## OPINION ON REMAND FROM THE TEXAS SUPREME COURT

SHERRY RADACK, Chief Justice.

In this case on remand from the Texas Supreme Court, we consider whether TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(f) (Vernon 2011) violates the Open Courts Provision of the Texas Constitution.[1] We affirm.

## BACKGROUND

Appellant, Harry Williams, sued appellees, Drs. William H. Nealon and Eric M. Walser, faculty members at the University of Texas Medical Branch at Galveston, on health care liability claims after his pancreas was injured during a diagnostic procedure of his bile ducts. Nealon and Walser moved to dismiss the suit under section 101.106(f) of the Texas Tort Claims Act,[2] claiming that the suit was based on conduct within the general scope of their employment and that the cause of action could have been brought against UTMB. Williams responded, arguing that the statute violated the Open Courts provision of the Texas Constitution. *See* TEX. CONST. art. I, § 13.

The trial court dismissed the action and Williams appealed, arguing that (1) the statute violated the Open Courts provision of the Texas Constitution, and (2) the trial court erred in dismissing his claims because his claim was not brought "under this chapter," i.e. under the Texas Tort Claims Act ["the Act"].

This Court reversed the trial court, holding that the trial court's dismissal was erroneous because the doctors did not show that Williams's claim could have been brought against UTMB under the Act, a requirement of section 101.106(f). 199 S.W.3d 462, 466 (Tex.App.-Houston [1st Dist.] 2006). This Court did not address Williams's claim that the statute violated the Open Courts provision. The doctors then filed a petition for discretionary review with the Texas Supreme Court.

While the case was pending in the supreme court, that court decided *Franka v. Velasquez*, 332 S.W.3d 367 (Tex.2011), holding that, for purposes of section 101.106(f), any tort action is brought "under" the Texas Tort Claims Act, even if the government has not waived its immunity for such actions. 332 S.W.3d at 379-80. In light of *Franka*, the supreme court granted the doctors' petition for review, reversed this Court's judgment, and remanded the case for further proceedings. *Nealon v. Williams*, 332 S.W.3d 364, 364 (Tex.2011).

## OPEN COURTS

In his brief on remand, Williams claims that section 101.106(f) violates the Open

---

1. *See* TEX. CONST. art. I, § 13.

2. That section provides:
   If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official ca-

   pacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.
   TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(f) (Vernon 2011).

Courts provision. Specifically, he argues that the section requires him to give up an actionable malpractice claim against the doctors individually "for a potentially dismissable [sic] and non-viable claim under [the Act]." Essentially, Williams contends that the statute abrogates his right to bring a malpractice action against the doctors by legislatively overruling *Kassen v. Hatley*, 887 S.W.2d 4, 11 (Tex.1994), in which the supreme court decided that government-employed personnel do not have official immunity regarding their alleged negligence in exercising medical discretion in the treatment of their patients.

We agree that section 101.106 statutorily extends immunity to acts of government employees acting within their official capacity. *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 89–90 (Tex. 2011) (*citing Franka*, 332 S.W.3d at 371 n. 9). The issue we must decide is whether it does so constitutionally.

The Open Courts provision states that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. "This provision, among other things, prohibits the Legislature from unreasonably restricting common law causes of action." *Thomas v. Oldham*, 895 S.W.2d 352, 357 (Tex.1995) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 448 (Tex.1993)).

Statutes are presumed to be constitutional. TEX. GOV'T CODE ANN. § 311.021(1) (Vernon 2011); *Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex.2003). When challenging a statute as unconstitutional on the basis that it restricts a common law cause of action, the litigant must demonstrate that (1) the statute restricts a well-recognized common law cause of action; and (2) the restriction is unreason-able when balanced against the statute's purpose. *Flores v. Law*, 8 S.W.3d 785, 787 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (citing *Thomas*, 895 S.W.2d at 357).

While the *Franka* court was not presented with an Open Courts challenge to section 101.106(f), it did opine on the outcome of such a challenge as follows:

> We recognize that the Open Courts provision of the Texas Constitution "prohibits the Legislature from unreasonably abrogating well-established common-law claims," but restrictions on government employee liability have always been part of the tradeoff for the Act's waiver of immunity, expanding the government's own liability for its employees' conduct, and thus "a reasonable exercise of the police power in the interest of the general welfare."

332 S.W.3d at 385 (internal citations omitted). Thus, the supreme court has indicated that an open courts challenge to section 101.106(f) would fail because the restriction is reasonable when balanced against the statute's purpose.

In *Hintz v. Lally*, 305 S.W.3d 761, 772–73 (Tex.App.-Houston [14th Dist.] 2009, no pet.), a pre-*Franka* case, our sister court of appeals considered and rejected an Open Courts challenge to 101.106(f). In so holding, the court stated,

> The Texas Supreme Court has addressed an open courts challenge to the pre–2003 version of section 101.106. [*See Thomas v. Oldham*, 895 S.W.2d 352, 357–58 (Tex.1995) ]. The prior version of section 101.106 stated that "[a] judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." *See id.* at 355. The supreme court concluded

that, under this provision, "a judgment in an action against a governmental unit under the Tort Claims Act bars the simultaneous rendition of a judgment against the employee whose actions gave rise to the claim." *Id.* at 357.

The plaintiff in *Thomas* argued that section 101.106's bar on simultaneous judgments against the governmental employee and the governmental employer violated the open courts provision. *Id.* The supreme court rejected this challenge because "[t]he Tort Claims Act broadened, rather than restricted, an injured party's remedies." *Id.* The statute did so by creating a limited waiver as to governmental units that were immune from liability at common law. *Id.* "Although a plaintiff who pursues the statutory remedy against the government may lose his or her common law remedy against the employee, the plaintiff is not required to follow this course." *Id.* at 357–58. "He or she may still opt to pursue the full common law remedy against the responsible employee, foregoing or postponing any attempt to recover from the government." *Id.* at 358 (footnote omitted); *see also Flores,* 8 S.W.3d at 788 ("Law could have pursued a common-law remedy against Flores, foregoing or postponing any attempt to recover from UTHSC. As such, section 101.106 does not restrict a well-recognized cause of action.").

*Thomas*'s rationale does not readily translate to the post–2003 version of section 101.106 because newly added subsection (f) "does not give the plaintiff the option of continuing with a lawsuit against the governmental employee." *Bailey v. Sanders,* 261 S.W.3d 153, 159 (Tex.App.-San Antonio 2008, pet. granted). However, *Thomas*'s bottom-line holding rejecting an open courts challenge nonetheless applies here because section 101.106(f)'s restriction is reasonable when balanced against the statute's purpose.

The *Hintz* court reasoned that section 101.106(f) "served to narrow the issues, reduce delay, and avoid duplicative litigation spawned by the simultaneous pursuit of alternative claims against both the governmental employer and its governmental employee." *Id.* at 773. In so holding, the court noted that "[s]ubsection (f) is one tool to make litigants decide whether to predicate suit on allegations that 'an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable....' " *Id.* (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 657 (Tex.2008)).

The *Hintz* court went on to state that "the harsh result of which Hintz complains can be avoided by holding the governmental employee who seeks dismissal under section 101.106(f) to the burden of demonstrating that suit 'could have been brought under [the Tort Claims Act] against the governmental unit.' " *Id.* (quoting *Phillips v. Dafonte,* 187 S.W.3d 669, 675–76 (Tex. App.-Houston [14th Dist.] 2006, no pet.)). We note that this portion of the *Hintz* court's reasoning no longer applies because *Franka* held that a defendant seeking dismissal under section 101.106(f) does not bear the burden of showing that the suit could have been brought under the Tort Claims Act against the government. *Franka,* 332 S.W.3d at 380–81.

However, we believe that *Hintz*'s holding—that "section 101.106(f)'s restriction ... is reasonable when balanced against the statute's purpose"—remains sound and in line with the supreme court's pronouncement in *Franka. Hintz,* 305 S.W.3d at 773. In exchange for the Tort Claims Act's waiver of sovereign immunity

in certain situations, the statute limits a litigant's cause of action against employees of the state acting in the course and scope of their employment. The restriction serves to "narrow the issues, reduce delay, and avoid duplicative litigation." *Hintz,* 305 S.W.3d at 773. Thus, we hold that such a restriction is "a reasonable exercise of the police power in the interest of the general welfare." *Franka,* 332 S.W.3d at 385 (quoting *Tex. Workers' Comp. Comm'n v. Garcia,* 893 S.W.2d 504, 520 (Tex.1995)); *see also Kamel v. Univ. of Tex. Health Sci. Ctr. at Houston,* 333 S.W.3d 676, 688 (Tex. App.-Houston [1st Dist.] 2010, pet. denied) (holding current version of section 101.106(f) does not violate open courts provision).

We overrule Williams's sole issue.

## CONCLUSION

We affirm the trial court's judgment.