

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00383-CV

JIM HERBERT HAMILTON JR.                                    APPELLANT

V.

EMIL PECHACEK                                                    APPELLEE

-----------

## FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Jim Herbert Hamilton Jr., an inmate proceeding pro se and in forma pauperis, challenges the trial court's order dismissing his lawsuit against Appellee Emil Pechacek pursuant to Texas Civil Practice and Remedies Code section 101.106(f). In four issues, Hamilton argues that section 101.106(f)

---

[1]*See* Tex. R. App. P. 47.4.

violates the open courts provision of the Texas constitution, that the trial court erred by dismissing his suit, that the trial court erred by failing to consider and rule on his motion for default judgment, and that the trial court erred by failing to conduct a hearing on his motion for new trial. We will affirm in part and reverse and remand in part.

## II. Factual and Procedural Background

This is the second time that Hamilton has appealed the trial court's dismissal of his claims. *See Hamilton v. Pechacek* (*Hamilton I*), 319 S.W.3d 801 (Tex. App.—Fort Worth 2010, no pet.). The trial court previously dismissed Hamilton's claims as frivolous under chapter 14 of the Texas Civil Practice and Remedies Code. *Id.* at 805. In *Hamilton I*, Pechacek conceded on appeal that one of Hamilton's claims was not frivolous—that being Hamilton's federal § 1983 excessive-force claim asserted against Pechacek individually. *Id.* at 811. Pechacek agreed in *Hamilton I* that this claim was "not subject to dismissal as lacking basis in law" and was "not presently ripe for dismissal with prejudice under § 14.003(a)(2)." *Id.* at 810. Consequently, in *Hamilton I*, we held that the trial court abused its discretion by dismissing Hamilton's § 1983 excessive-force claim asserted against Pechacek individually. *Id.* at 812. In *Hamilton I*, for the reasons set forth in that opinion, we also held that the trial court abused its discretion by dismissing as frivolous Hamilton's common-law assault and battery claim and personal property claims and by dismissing Hamilton's § 1983 access-

2

to-courts claims with prejudice without giving Hamilton the opportunity to replead. *Id.* at 816. We remanded these claims to the trial court. *Id.*

Following our remand, Hamilton filed an amended pleading. The amended pleading was titled, "Amended Original Petition To Recover Damages For Assault And Battery, Excessive Force, Reckless Conduct, Negligent, Reckless, And Intentional Destruction Of Property, Deprivation Of Meaningful Administrative Remedy And Compensation, Malicious, Humiliation And Intentional Infliction Of Physical And Emotional Distress." Hamilton's amended pleading does not plead a § 1983 access-to-courts claim.[2] Hamilton did, however, via this amended petition, attempt to add Brad Livingston, the Executive Director of the Texas Department of Criminal Justice (the TDCJ), to the lawsuit in Livingston's individual capacity by having Assistant Attorney General Harold J. Liller served. Livingston did not file an answer.[3]

Pechacek filed a motion to dismiss Hamilton's state law claims based on Texas Civil Practice and Remedies Code section 101.106(f). Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) (West 2011). In his motion, Pechacek argued that all of Hamilton's state law claims should be dismissed because Hamilton could

---

[2]Hamilton's pleading on remand states the same facts as his prior pleading concerning the destruction of his legal papers; he does not assert an actual injury to his position as a litigant in this or any other litigation. *See Hamilton I*, 319 S.W.3d at 815.

[3]As discussed below, Hamilton ultimately moved for a default judgment against Livingston, but the trial court denied his motion.

3

have but failed to sue the TDCJ.  The trial court granted Pechacek's motion to dismiss Hamilton's state law claims pursuant to Texas Civil Practice and Remedies Code section 101.106(f).

The trial court's order dismissing Hamilton's claims recites that the motion to dismiss Hamilton's state law claims is granted, provides Hamilton with thirty days to amend his petition, and states that his suit would be dismissed in its entirety if Hamilton failed to amend within the thirty-day time period.  The dismissal order also states that "[a]ll relief not expressly granted herein is hereby denied."  Hamilton did not amend his petition.  He did, however, file a motion for new trial, which the trial court denied without conducting an evidentiary hearing.  Hamilton perfected this appeal.

## III. DEFAULT JUDGMENT

In his third point, Hamilton argues that the trial court should have granted his motion for a default judgment against Livingston.  The record contains a letter dated April 9, 2012, from Hamilton to the Attorney General giving notice of Hamilton's intent to take a default judgment against Livingston.  The Attorney General responded by filing an amicus curiae advisory to the trial court informing the trial court that Livingston had not been served with citation and that Hamilton's attempted service on Livingston through Assistant Attorney General Liller was insufficient to effectuate service on Livingston.  The trial court, apparently broadly construing Hamilton's letter as a motion for default judgment,

4

denied the motion on May 1, 2012. Hamilton thereafter filed a formal motion for default judgment.

Hamilton argues that the trial court failed to rule on his motion for default judgment and instead dismissed his suit and that the amicus curiae advisory was not an available route in which to test the validity of service of process. Hamilton argues that he relied on Texas Civil Practice and Remedies Code section 104.005 in serving the Attorney General. *See* Tex. Civ. Prac. & Rem. Code Ann. § 104.005 (West 2011). But section 104.005 does not address whom the plaintiff must serve but rather whom the government-employee defendant must serve if the employee desires for the State to cover the cost of defending him.[4] Hamilton's state law tort claims must be brought under the Texas Tort Claims Act (the TTCA). The TTCA provision concerning service of citation is found in section 101.102(c). It provides:

---

[4]Section 104.005 provides as follows:

> Except as provided by Section 104.0035, the state is not liable for the defense of an action covered by this chapter or for damages, court costs, or attorney's fees unless:
>
> (1) the attorney general has been served in the case and the state has been given an opportunity to defend the suit; or
>
> (2) the person against whom the action is brought delivers to the attorney general all process served on the person not later than the 10th day after the date of service.

Tex. Civ. Prac. & Rem. Code Ann. § 104.005.

In a suit against the state, citation must be served on the secretary of state. In other suits, citation must be served as in other civil cases *unless no method of service is provided by law*, in which case service may be on the administrative head of the governmental unit being sued. If the administrative head of the governmental unit is not available, the court in which the suit is pending may authorize service in any manner that affords the governmental unit a fair opportunity to answer and defend the suit.

*Id.* § 101.102(c) (West 2011) (emphasis added). In a case involving the TDCJ, the method of service is provided by law; under Texas Government Code section 492.010(d), the executive director of the TDCJ is the only person authorized to receive service of process on behalf of the TDCJ. Tex. Gov't Code Ann. § 492.010(d) (West 2012). The Texas legislature has thus provided the specific means by which the TDCJ or any of its divisions can be made a party to a suit— "only" by service upon the TDCJ's executive director. *See McBride v. Mail Sys. Coordinator's Panel*, No. 13-05-00560-CV, 2008 WL 2151523, at *3 (Tex. App.— Corpus Christi May 22, 2008, pet. denied) (mem. op.).

Hamilton attempted to serve Livingston by serving Assistant Attorney General Liller; Livingston was not served. Because Hamilton failed to serve Livingston, the executive director of the TDCJ, in accordance with government code section 492.010(d), neither Livingston nor the governmental unit was ever formally added to the suit.[5] And because Livingston was never added to the suit,

---

[5]We can find no statute or case, and Hamilton has cited none, that stands for or supports the propositions that Hamilton argues—that the Attorney General knew or should have known that Livingston and the TDCJ would be joined and that it was incumbent upon the Attorney General to notify Livingston and the TDCJ that they had been added to the suit.

6

a default judgment could not be taken against him. *See* Tex. R. Civ. P. 124 (stating that judgment cannot be rendered against any defendant unless he was served). To the extent that Hamilton complains that the trial court broadly construed Hamilton's letter to the Attorney General as a motion for default judgment and ruled on it before Hamilton filed his formal motion for default judgment, we cannot say that this was error; because Livingston was not served, the trial court could not have ruled differently on the formal motion than it did on the letter motion. We hold that the trial court did not abuse its discretion by construing Hamilton's letter as a motion for default judgment or by denying the motion. *See generally Black v. Jackson*, 82 S.W.3d 44, 51 n.7 (Tex. App.—Tyler 2002, no pet.) (stating that pro se pleadings are reviewed with patience and liberality); *In re C.M.W.*, No. 02-12-00286-CV, 2012 WL 4121316, at *1 (Tex. App.—Fort Worth Sept. 20, 2012, no pet.) (mem. op.) (liberally construing letter as a motion to dismiss).

Finally, we note that courts may entertain suggestions from an amicus curiae, who, as a "friend of the court," makes suggestions to the court about questions apparent from the record in the case. *See Kelley v. Scott*, No. 14-01-00696-CV, 2003 WL 21229275, at *1 (Tex. App.—Houston [14th Dist.] May 29, 2003, no pet.) (mem. op.) (citing *State v. Jefferson Iron Co.*, 60 Tex. 312, 314–15 (1883); *Moseby v. Burrow*, 52 Tex. 396, 403 (1880); *Jackson v. Birk*, 84 S.W.2d 332, 332 (Tex. Civ. App.—Fort Worth 1935, no writ)). An amicus curiae is not a party to the suit and may make only suggestions to the court; the court can take

7

only the actions that it could have taken even in the absence of a suggestion by an amicus curiae. *See id.*

Here, the Attorney General's amicus curiae advisory questioned the sufficiency of service of process on the TDCJ and pointed out why a default judgment against Livingston would not be proper. *See Flinn v. Krotz*, 293 S.W. 625, 626–27 (Tex. Civ. App.—San Antonio 1927, no writ) (explaining that amicus curiae may question sufficiency of process and point out facts depriving court of jurisdiction without constituting an appearance for a nonresident defendant). The trial court did not grant any relief that it could not have granted in the absence of the amicus curiae advisory. To the extent that Hamilton complains of the trial court's consideration of the amicus curiae suggestion, we overrule that complaint. *See Kelley*, 2003 WL 21229275, at *1.

We overrule Hamilton's third point.

## IV. DISMISSAL WAS PROPER AS TO STATE LAW CLAIMS BUT NOT AS TO § 1983 FEDERAL EXCESSIVE-FORCE CLAIM

In his second point, Hamilton argues that the trial court erred by dismissing his suit under section 101.106(f) because he sued both Pechacek and the governmental unit.

Section 101.106(f) of the civil practice and remedies code provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff

8

files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). Thus, a governmental employee defendant is entitled to dismissal under section 101.106(f) upon proof that the plaintiff's suit (1) was based on conduct within the scope of the defendant's employment with a governmental unit and (2) could have been brought against the governmental unit under the TTCA. *Id.*; *see also Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011); *Anderson v. Bessman*, 365 S.W.3d 119, 124 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The TTCA defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." Tex. Civ. Prac. & Rem. Code Ann. § 101.001(5) (West Supp. 2013). Additionally, "public officials act within the scope of their authority if they are discharging the duties generally assigned to them." *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004). That is, an employee's scope of authority extends to job duties to which the official has been assigned, even if the official errs by completing the task. *Id.* The statute strongly favors dismissal of government employees. *Anderson*, 365 S.W.3d at 124.

Concerning the first element of section 101.106(f), Pechacek is a TDCJ employee, thus establishing that he is an employee of a governmental unit. The record also establishes that Pechacek was acting within the scope of his

9

employment in this case when he attempted to maintain institutional security by giving Hamilton an order to remove his belongings from the trash can, and it is clear from the record that Hamilton is suing Pechacek for the actions he took in ultimately removing Hamilton's jacket from the top of the trash can causing a cup of hot coffee to spill on Hamilton's chest and on Hamilton's papers. To the extent Hamilton attempts to argue that Pechacek acted outside his legal authority, ultra vires, such exception does not, in any event, permit recovery of retrospective damages sought by Hamilton. *Lopez v. Serna*, 414 S.W.3d 890, 895 (Tex. App.—San Antonio 2013, no pet.) (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)). In short, Pechacek was an employee of a governmental unit acting within the scope of his employment at the time of the incident giving rise to Hamilton's state law tort claims. *See id.* (determining that officers were acting within the scope of their employment while confiscating plaintiff's property).

Concerning the second element, the supreme court held in *Franka* that if a state employee is alleged to have committed negligence or other "wrongful conduct" in the general scope of employment, then the suit is subject to section 101.106(f) because it could have been brought against the state agency. 332 S.W.3d at 381. This construction of section 101.106(f) forecloses suit against a government employee in his individual capacity if he was acting within the scope of his employment. *Id.* Although Hamilton asserted his state tort claims against Pechacek in his individual capacity, Pechacek's allegedly tortious actions were

10

made in the course and scope of his employment, and thus Hamilton's claims could have been, but were not, brought against the TDCJ. *See id.* at 369, 381 (stating that section 101.106(f)'s two elements are met in almost every negligence suit against a government employee and that all common-law tort theories alleged against a governmental unit are assumed to be under the TTCA). We hold that the trial court did not abuse its discretion by dismissing Hamilton's state law tort claims pursuant to section 101.106(f). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f); *Lopez*, 414 S.W.3d at 895 (holding that inmate's claims against officers would have been subject to section 101.106(f)); *Mason v. Wood*, No. 09-12-00246-CV, 2013 WL 1088735, at *3 (Tex. App.—Beaumont Mar. 14, 2013, no pet.) (mem. op.) (holding that inmate's tort claims "could have been brought under this chapter against the governmental unit"). We overrule Hamilton's second point as it relates to the dismissal of his state law claims.[6]

---

[6]Hamilton argues that Pechacek's motion to dismiss does not cover his claims for reckless conduct, malicious humiliation, and intentional infliction of physical distress. To the extent that "reckless" and "humiliation" are an element and an example, respectively, of other torts that were pleaded, the trial court did not abuse its discretion by dismissing them under section 101.106(f). And to the extent that these "claims" are not recognized as independent causes of action, the trial court did not abuse its discretion by dismissing them in the remainder of its final judgment. *See, e.g.*, *Westbrook v. Treon*, No. 02-03-00317-CV, 2004 WL 2914288, at *1 (Tex. App.—Fort Worth Dec. 16, 2004, no pet.) (mem. op.) (holding that trial court did not abuse its discretion by dismissing appellant's lawsuit because Texas does not recognize a cause of action for prison officials' negligent or even grossly negligent failure to enforce rules applicable to inmates).

Although Pechacek moved for dismissal of only Hamilton's state law claims pursuant to TTCA section 101.106(f), the trial court's order dismisses all of Hamilton's claims. In *Hamilton I*, we remanded Hamilton's federal § 1983 excessive-force claim against Pechacek individually. Pechacek's motion for dismissal of Hamilton's state law claims pursuant to TTCA section 101.106(f) did not seek dismissal of this claim, and indeed, the motion provided no legal basis for the dismissal of this claim.[7] Because section 101.106(f) does not apply to claims under § 1983 and because Pechacek did not move for dismissal of the federal § 1983 excessive-force claim, the trial court erred by dismissing it. *See Swain*, 2009 WL 3246750, at *5 (holding that trial court erred by dismissing plaintiff's § 1983 claims under section 101.106(e)); *see also Franka*, 332 S.W.3d at 379 (stating that section 101.106's four references to "under this chapter" suggests that the meaning throughout is the same); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 204 (Tex. 2001) ("Granting more relief than the movant is entitled to makes the order reversible, but not interlocutory.").

---

[7]As we discussed above, section 101.106(f) requires dismissal of the employee on the employee's motion if suit could have been brought against the governmental unit "under this chapter"—the TTCA. Section 101.106(f)'s "under this chapter" language does not include claims based on alternate, independent statutes that waive sovereign or governmental immunity. *See Swain v. Hutson*, No. 02-09-00038-CV, 2009 WL 3246750, at *5 (Tex. App.—Fort Worth Oct. 8, 2009, pet. denied) (mem. op.). Section 101.106(f) thus does not apply to federal § 1983 claims. *See id.* (holding that section 101.106(e)'s "under this chapter" language does not apply to federal § 1983 claims).

12

We therefore sustain Hamilton's second point as it relates to the dismissal of his § 1983 excessive-force claim against Pechacek in his individual capacity.[8]

## V. SECTION 101.106(F) DOES NOT VIOLATE THE OPEN COURT'S PROVISION

In his fourth point, Hamilton argues that the application of section 101.106(f) to bar his state law claims against Pechacek violates the open courts provision of the Texas constitution. The open courts provision states that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person[,] or reputation, shall have remedy by due course of law." Tex. Const. art. I, § 13. While the *Franka* court was not presented with an open courts challenge to section 101.106(f), it did opine on the outcome of such a challenge as follows:

> We recognize that the Open Courts provision of the Texas Constitution "prohibits the Legislature from unreasonably abrogating well-established common-law claims," but restrictions on government employee liability have always been part of the tradeoff for the Act's waiver of immunity, expanding the government's own liability for its employees' conduct, and thus "a reasonable exercise of the police power in the interest of the general welfare."

332 S.W.3d at 385 (internal citations omitted). Thus, the supreme court has indicated that an open courts challenge to section 101.106(f) would fail because the restriction is reasonable when balanced against the statute's purpose. *Id*.;

---

[8]We express no opinion on whether Hamilton's § 1983 excessive-force claim has legal or factual merit. We hold only that section 101.106(f), relied on by Pechacek as the sole basis for the dismissal of this suit, cannot support dismissal of this statutory federal law claim.

*see also Williams v. Nealon*, 394 S.W.3d 9, 12 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (same). As explained by the *Williams* court,

> In exchange for the Tort Claims Act's waiver of sovereign immunity in certain situations, the statute limits a litigant's cause of action against employees of the state acting in the course and scope of their employment. The restriction serves to "narrow the issues, reduce delay, and avoid duplicative litigation." Thus, we hold that such a restriction is "a reasonable exercise of the police power in the interest of the general welfare."

*Id.* at 13–14 (internal citations omitted). We cannot hold that section 101.106(f) violates the open courts provision of the Texas constitution. *See id.*; *Kamel v. Univ. of Tex. Health Sci. Ctr. at Houston*, 333 S.W.3d 676, 688 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Hintz v. Lally*, 305 S.W.3d 761, 772–73 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (a pre-*Franka* case rejecting an open courts challenge to section 101.106(f)); *see also Franka*, 332 S.W.3d at 385. We overrule Hamilton's fourth point.

## VI. No Hearing Required on Motion for New Trial When Juror Misconduct Is Not Alleged

In his first point, Hamilton argues that the trial court erred by failing to conduct an evidentiary hearing on his motion for new trial because he raised allegations "about the validity of the judgment obtained by fraudulent pleadings." Whether to hold an evidentiary hearing on a motion for new trial in a civil matter is within the trial court's discretion unless the ground for the motion is jury misconduct. *See Hamilton I*, 319 S.W.3d at 807; *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied); *Parham v. Wilbon*,

14

746 S.W.2d 347, 351 (Tex. App.—Fort Worth 1988, no writ); *see also* Tex. R. Civ. P. 327 (providing that, when the ground of a motion for new trial, supported by affidavit, is misconduct of the jury, "the court shall hear evidence thereof from the jury or others in open court"). Hamilton's motion for new trial contains no allegations of jury misconduct; no jury trial was held. Nor does Hamilton's motion present any question of fact upon which evidence must be heard or allege facts that, if true, would entitle Hamilton to a new trial. *See, e.g.*, *Landis v. Landis*, 307 S.W.3d 393, 394 (Tex. App.—San Antonio Dec. 2, 2009, no pet.) ("A trial court is only required to conduct a hearing on a motion for new trial when a motion presents a question of fact upon which evidence must be heard."). Accordingly, the trial court did not abuse its discretion by failing to conduct an evidentiary hearing on Hamilton's motion for new trial. We overrule Hamilton's first point.

## VII. CONCLUSION

Having sustained part of Hamilton's second point, we reverse the trial court's judgment dismissing Hamilton's § 1983 excessive-force claim against Pechacek in his individual capacity,[9] and we remand that claim to the trial court for further proceedings consistent with this opinion. Having overruled the remainder of Hamilton's points, we affirm the trial court's judgment dismissing Hamilton's state law claims against Pechacek.

---

[9]Because Hamilton had the opportunity to amend his pleadings to state a § 1983 access-to-courts claim but did not do so, this claim was not stated in the trial court on remand, and we do not address it in this opinion.

15

                                                    SUE WALKER
                                                    JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DELIVERED:  March 20, 2014

16