**Affirmed in Part; Reversed and Remanded in Part; and Memorandum Opinion filed July 3, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00084-CV

---

### ELIZABETH PROTAS, PT, PHD, FACSM, FAPTA, Appellant

### V.

### UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, DAVID CALLENDER, M.D., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AND DANNY JACOBS, M.D., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, Appellees

---

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 16-CV-0726**

---

## M E M O R A N D U M   O P I N I O N

The underlying suit in this case was filed by appellant Dr. Elizabeth Protas, PT, PHD, FACSM, FAPTA, a tenured professor at The University of Texas Medical Branch at Galveston ("UTMB") and Vice President and Dean of the School of Health Professions, against UTMB, Dr. David Callender, M.D., and Dr. Danny Jacobs, M.D., in their official

and individual capacities. Callender and Jacobs moved to dismiss the claims against them in their individual capacities pursuant to the Texas Tort Claims Act ("TTCA"). *See* Tex. Civ. Prac. & Rem. Code § 101.106. UTMB, along with Callender and Jacobs, (collectively "appellees") filed a plea to the jurisdiction alleging all of appellant's claims were barred by sovereign immunity. On December 5, 2016, the trial court granted the motion to dismiss Callender and Jacobs in their individual capacities. On January 11, 2017, the trial court granted appellees' plea to the jurisdiction. From those orders, appellant brings this appeal. We affirm in part and reverse and remand in part.

## BACKGROUND

The facts of this case are well-known to the parties so we do not discuss all the particulars of the underlying suit. After conflicts with two employees had occurred, appellant was ordered to attend a Civil Treatment for Leaders course in Atlanta, Georgia, for which she was to bear the costs. Subsequently, after further conflict with one of those same employees, appellant was suspended without pay for two weeks and informed that she would be ineligible for participation in the UTMB At Risk Incentive plan for the fourth quarter of the 2015 fiscal year. Appellant filed a grievance with UTMB which failed to afford her any relief. She then filed suit against appellees. As noted above, that suit has been dismissed in its entirety.

On appeal, appellant raises five issues. Appellant's first issue complains of the denial of discovery. Issue two regards the election of remedies under the TTCA. *See* Tex. Civ. Prac. & Rem. Code § 101.106. In issues three, four, and five, appellant asserts the trial court erred in granting appellees' plea to the jurisdiction on her claims for due process violations, discrimination, and declaratory judgment, respectively. Before turning to appellant's issues, we set forth applicable standards of review and governing law.

2

## APPLICABLE LAW

### Standard of Review

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cty. v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject matter jurisdiction is a question of law. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004); *Texas Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002). Whether a party has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction and whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction are questions of law reviewed de novo. *Miranda,* 133 S.W.3d at 226. However, in some cases, disputed evidence of jurisdictional facts that also implicate the merits of the case may require resolution by the finder of fact. *Id.*

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Id.* at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227.

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Miranda*, 133 S.W.3d at 227 (citing *Bland,* 34 S.W.3d at 555). In a case in which the jurisdictional challenge

3

implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists. *Id.* If the relevant evidence is undisputed or fails to raise a fact question, the trial court rules on the plea as a matter of law. *Id.* at 228.

The standard of review for a plea to the jurisdiction based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Miranda*, 133 S.W.3d at 228; *see also Thornton v. Ne. Harris Cty. MUD 1,* 447 S.W.3d 23, 32 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Under this standard, we take as true all evidence favoring the non-movant and draw all reasonable inferences and resolve any doubts in the non-movant's favor. *Miranda,* 133 S.W.3d at 228. If the movant presents conclusive proof that the trial court lacks subject matter jurisdiction, then the non-movant must present evidence sufficient to raise a material issue of fact regarding jurisdiction, or the plea will be sustained. *See id.*; *City of Galveston v. Murphy,* No. 14-14-00222-CV, 533 S.W.3d 355, 358–59, 2015 WL 167178, at *2 (Tex. App.—Houston [14th Dist.] Jan. 13, 2015, pet. denied).

*Immunity*

Sovereign immunity protects the State and its political subdivisions from lawsuits for damages unless immunity has been waived by the Legislature. *Tex. Parks & Wildlife Dep't v. Sawyer Trust,* 354 S.W.3d 384, 388 (Tex. 2011); *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex. 2006). Sovereign immunity from suit deprives a trial court of subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Reata,* 197 S.W.3d at 374; *Miranda,* 133 S.W.3d at 225–26. However, the Texas Supreme Court has recognized that sovereign immunity does not bar a suit in at least two relevant circumstances: (1) when the suit seeks to determine or protect a party's rights against a government official who has acted without legal or statutory authority—commonly referred to as an *ultra vires* claim; or (2) when the suit challenges the validity

4

of a statute. Because appellant makes no claim a statute is invalid, the latter exception is not at issue in this case.

<em>The Ultra Vires Exception</em>

An ultra vires claim against a government official—that is, a suit against a government official for acting outside his or her authority and seeking to require the official to comply with statutory or constitutional provisions—is not barred by sovereign immunity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). To fall within the ultra vires exception, "a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* "The ultra vires suit seeks to enforce existing policy, not alter it." *Stiefer v. Moers*, No. 14-14-00617-CV, 2015 WL 6950104, at *3 (Tex. App.—Houston [14th Dist.] Nov. 10, 2015, no pet.) (mem. op.) (citing *Lone Star Coll. Sys. v. Immigration Reform Coalition of Tex*. (IRCOT), 418 S.W.3d 263, 272 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (citing *Heinrich*, 284 S.W.3d at 372)). To meet the ultra vires exception to governmental immunity, a plaintiff must allege, and ultimately prove, that the officer either acted without legal authority or failed to perform a purely ministerial act. *Id.* An officer acts without legal authority if he "exceeds the bounds of his granted authority or if his acts conflict with the law itself." *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 (Tex. 2016). The exception to immunity allows only prospective declaratory or injunctive relief, not retroactive relief. *Heinrich*, 284 S.W.3d at 374–77. "As *Heinrich* made clear, immunity for an ultra vires act is only a waiver with regard to bringing future acts into compliance with the law." *City of Galveston v. CDM Smith, Inc.,* 470 S.W.3d 558, 569 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (citing *Heinrich*, 284 S.W.3d at 374).

## ANALYSIS

### *Denial of Discovery*

In her first issue, appellant claims the trial court erred in failing to hear motions regarding discovery prior to ruling on the appellees' motion to dismiss and plea to the jurisdiction. Further, appellant complains the trial court erred in failing to order discovery.

In her brief, appellant argues that she needed to know what occurred at, and who attended or was privy to, the meeting held January 7, 2016, in order "to determine the full nature and extent of violation of [her] rights to due process, *e.g.*, by introduction of any evidence to any FGP [Factual Grievance Panel] member in [her] absence." Appellant contends her discovery requests and subpoenas were designed "to determine what information was imparted to the three members of the [FGP]" at that meeting. Appellant does not, however, identify how the information described above would supply relevant jurisdictional facts so as to affirmatively demonstrate the trial court's jurisdiction.

In order to obtain relief on this issue, appellant must show how the discovery she sought was material to the trial court's assessment of the plea to the jurisdiction. *Quested v. City of Houston*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The only claim that appellant suggests was impacted by the lack of discovery is the violation of her right to due process. Regarding this claim, appellees asserted that appellant failed to meet the ultra vires exception to sovereign immunity. Specifically, appellees asserted appellant did not identify any action taken by Callender or Jacobs without legal authority; appellant sought retrospective relief; and appellant did not allege a continuing violation.

As discussed below, in regards to the trial court's grant of appellees' plea to the jurisdiction appellant contends her due process claim is a "takings" claim, not an ultra vires claim. We conclude, *infra*, this is not a takings claim. Accordingly, the discovery

6

sought cannot support that claim. To the extent appellant is arguing ultra vires on the due process claim, as noted below, appellant has not pleaded the necessary element of prospective relief. Therefore, appellant could not prevail even if the discovery sought were allowed and we could not determine it was error to grant appellees' plea to the jurisdiction without first allowing the requested discovery. For these reasons, we cannot conclude the trial court abused its discretion. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161–62 (Tex. 2004); *Quested*, 440 S.W.3d at 282. Issue one is overruled.

*Election of Remedies*

Appellant's second issue asserts the trial court erred in granting appellees' motion to dismiss Callender and Jacobs pursuant to section 101.106 of the Texas Civil Practices and Remedies Code because it is not applicable to her suit. Section 101.106 is entitled Election of Remedies and states:

> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code § 101.106.

Appellant first argues Callender was not an "employee." Appellant relies upon the following definition of employee:

> . . . a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include . . . a person who performs tasks the details of which the governmental unit does not have a legal right to control.

7

Tex. Civ. Prac. & Rem. Code § 101.001(2). According to appellant, because UTMB's regulations provide Callender's decision is "final" he is not subject to UTMB's control and therefore not an "employee." Appellant does not refer this court to the record wherein these regulations are located. Accordingly, she has not adequately briefed this argument. *See* Tex. R. App. 38.1(f). *See Canton–Carter v. Baylor Coll. of Med.,* 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We therefore do not address the effect, if any, of UTMB's regulations on Callender's status as an employee.

The above definition of employee "does not require that a governmental unit control *every* detail of a person's work. *Murk v. Scheele*, 120 S.W.3d 865, 867 (Tex. 2003) (emphasis in the original). The fact that an employee exercises some independent judgment does not mean that he is not an employee under the TTCA. *Id.* Callender's exercise of his own professional judgment to make final decisions does not, by itself, vitiate UTMB's right to control. *Id.* To hold otherwise would mean that "government workers exercising any kind of discretionary judgment (such as legislators, judges, and many others) could never be "employees," and thus never immune from suit. This would make the statute of little effect. *See* Tex. Gov't Code § 311.021(2) (stating entire statute must be presumed to be effective); *City of LaPorte v. Barfield*, 898 S.W.2d 288, 292 (Tex. 1995) (holding statutes should not be construed to make them pointless)." *Dalehite v. Nauta*, 79 S.W.3d 243, 246 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Appellant does not dispute that Callendar was in the paid service of UTMB at the relevant time. Tex. Civ. Prac. & Rem. Code § 101.001(2). Accordingly, we conclude Callender is an employee within the purview of section 101.106. *See* Tex. Civ. Prac. & Rem. Code §§ 101.001(2), 101.106.

Appellant next argues section 101.106 is not applicable because the conspiracy claim could not have been brought against UTMB. Subsection (f) provides that if a suit is filed against an employee of a governmental unit and could have been brought against

8

the governmental unit, the suit against the employee is in his official capacity only. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f).[1]

Barring an independent statutory waiver of immunity, tort claims against the government are brought under the TTCA for purposes of subsection (f) even when the TTCA does not waive immunity for those claims. *Moore v. Barker*, No. 14-17-00065-CV, 2017 WL 4017747, at *7 (Tex. App.—Houston [14th Dist.] Sept. 12, 2017, no pet.); Tex. Civ. Prac. Rem. Code § 101.106(f). *See also Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014) (holding same where plaintiff brought claims against officers with the Harris County Sheriff's Department for assault, conspiracy, slander, false arrest, false imprisonment, and malicious prosecution).

Appellant did not assert an independent statutory waiver of immunity. Accordingly, appellant's tort claims against Callender and Jacobs could have been brought under the TTCA against UTMB. *See Kraidieh v. Nudelman*, No. 01–15–01001–CV, 2016 WL 6277409, at *6 (Tex. App.—Houston [1st Dist.] Oct. 27, 2016, no pet.) (mem. op.) (holding where appellant did not assert that claim was brought under another statute that independently waived immunity, assault claim was one that could have been brought under TTCA (citing *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011)). Because appellant's conspiracy claim could have been brought against UTMB, it is considered to be against Callender and Jacobs in their official capacity only. *See Moore*, 2017 WL 4017747, at *7; *Alexander*, 435 S.W.3d at 792; *Kraidieh*, 2016 WL 6277409, at *6. Having been sued in their official capacity, Callender and Jacobs were entitled to dismissal pursuant to section 101.106(f) unless appellant filed an amended pleading to dismiss them. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f); *see Moore,* 2017 WL

---

[1] Because appellant does not argue on appeal that either Callender or Jacobs were not acting within the scope of his employment, we do not address it.

4017747, at *7; *Alexander*, 435 S.W.3d at 792; *Kraidieh*, 2016 WL 6277409, at *6. Because appellant did not file amended pleadings, the trial court did not err in granting appellees' motion to dismiss. *See Moore,* 2017 WL 4017747, at *7; *Kraidieh*, 2016 WL 6277409, at *6.

Appellant further claims section 101.106 is unconstitutional as applied to this case because it is an unreasonable bar to access to the courts, *see* Tex. Const. art. I, Sec. 13, and is a legislative infringement on the independence of the courts, *see* Tex. Const. art. I, Sec. 2. Appellant argues against the application of *Franka* to uphold the constitutionality of section 101.106 because this is a "takings" claim, not a tort claim and *Franka* appears to limit itself to common-law claims.

We considered and rejected an open-courts challenge to 101.106(f) in a pre-*Franka* case. *Hintz v. Lally,* 305 S.W.3d 761, 772–73 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (applying analysis in *Thomas v. Oldham,* 895 S.W.2d 352, 357 (Tex. 1995), of pre-2003 version to current version of section 101.106). *See also Kamel v. Univ. of Tex. Health Sci. Ctr. at Houston,* 333 S.W.3d 676, 688 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (holding current version of section 101.106(f) does not violate open courts provision); *Williams v. Nealon*, 394 S.W.3d 9, 12 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (same). Thus, while *Franka* supports our decision in *Hintz*, we did not rely upon it and appellant makes no challenge to *Hintz's* reasoning. Accordingly, for the reasons stated in *Hintz* we hold section 101.106 is not unconstitutional as applied to this case. Issue two is overruled.

**PLEA TO THE JURISDICTION**

*Due Process Claims*

In her third issue, appellant claims the trial court erred in granting appellees' plea to the jurisdiction on her due process claims. Appellant's argument for this issue is unclear

but as we interpret her various assertions appellant is contending that this is a "takings" claim under the Texas Constitution and as such she did not have to plead the ultra vires exception. *See* Tex. Const. art. I, Sec. 19. Alternatively, appellant requests leave to replead.

"When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend." *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). "On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend." *Id.*

In her pleadings, appellant complained of having to pay for the Civil Treatment for Leaders course that she was ordered to attend, her suspension without pay for two weeks, and her ineligibility for participation in the At Risk Incentive plan. The actions appellant complains of do not constitute an exercise of sovereign powers of eminent domain. *See General Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591 (Tex. 2001) (holding that when the state withholds property in a contractual dispute, it is not acting as a sovereign invoking powers of eminent domain, but rather as a private party to a contract invoking rights expressed or implicit in the contract); *see also Leach v. Tex. Tech Univ.*, 335 S.W.3d 386, 398 (Tex. App.—Amarillo 2011, pet. denied) (concluding claim for compensation due under contract for performance of services as the head football coach was a contractual dispute that fell outside the takings clause). Thus, appellant's pleadings affirmatively demonstrate her due process claim is not a "takings" claim.

Having not asserted a takings claim, appellant was required to plead a cause of action within the ultra vires exception in order to avoid dismissal on immunity grounds. *See Heinrich,* 284 S.W.3d at 368. Appellees' plea to the jurisdiction asserted that appellant failed to meet the ultra vires exception to sovereign immunity. We agree.

11

Appellant's pleadings pursue retroactive relief. The ultra vires exception to sovereign immunity does not allow retroactive relief. *Heinrich*, 284 S.W.3d at 374–77. Immunity for an ultra vires act is only a waiver with regard to prospective relief. *See CDM Smith, Inc.,* 470 S.W.3d at 569 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (citing *Heinrich*, 284 S.W.3d at 374). Appellant does not contend that she sought prospective relief but instead asserts that she is not limited to such for a takings claim. We have determined otherwise.

The ultra vires exception does not apply to UTMB, a state agency, as ultra vires claims are actionable only against individuals. *See Heinrich*, 284 S.W.3d at 373. Accordingly, the trial court did not err in granting UTMB's plea to the jurisdiction.

With respect to the individuals, because appellant's pleadings establish this is not a takings claim and she does not claim to have pled, however imperfectly, an ultra vires claim, we conclude the trial court did not err in granting appellees' plea to the jurisdiction as to appellant's due process claims without affording her the opportunity to amend. Issue three is overruled.

*Discrimination Claims*

Appellant's fourth issue asserts the trial court erred in granting appellees' plea to the jurisdiction as to her discrimination claims, brought under the Texas Commission on Human Rights Act ("TCHRA"). In her original petition, appellant's first cause of action was for "Discrimination and Attempted Constructive Discharge." We first note that appellant makes no argument in her brief that the trial court erred in dismissing her claim for "attempted constructive discharge."

Appellees' plea to the jurisdiction asserted these claims were barred because appellant failed to allege facts establishing that she exhausted her remedies with the Texas Workforce Commission ("TWC") within 180 days of their occurrence; that she did not

12

exhaust religious or age discrimination allegations in her charge of discrimination; and that she had not alleged a prima facie case for discrimination.

We agree with appellees that appellant failed to address the first reason in her brief[2] but that determination is not dispositive given that this appeal is from the grant of a plea to the jurisdiction. As noted above, unless the petition affirmatively demonstrates incurable defects in jurisdiction, "the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend." *County of Cameron*, 80 S.W.3d at 555. Thus appellant's alleged pleading failure would not entitle appellees to dismissal of appellant's discrimination claims unless her pleadings affirmatively negate exhaustion.

In her discrimination claim, appellant complained of "sanctions" without specification. However, her recitation of the "Facts" identified the following actions taken against her: (1) on May 12, 2015, Jacobs ordered her to attend a Civil Treatment for Leaders course, for which she was to bear all costs, (2) on August 6, 2015, Jacobs informed appellant that she would be suspended without pay for two weeks and would be ineligible for participation in the At Risk Incentive plan.[3] Appellant's petition fails to allege any facts demonstrating exhaustion of her administrative remedies by first filing a complaint within 180 days of these alleged discriminatory acts. *See Schroeder v. Tex. Iron*

---

[2] The rules of appellate procedure do not allow appellant to raise a new issue that was not discussed in her original brief, even if the new issue is raised in response to a matter in the appellee's brief. *Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 672 n.5 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Dallas Co. v. Gonzalez*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied) ("A reply brief is not intended to allow an appellant to raise new issues."); *Lopez v. Montemayor*, 131 S.W.3d 54, 61 (Tex. App.—San Antonio 2003, pet. denied) (holding arguments raised for the first time in appellant's reply brief were not properly before the court).

[3] In their plea to the jurisdiction, appellees asserted appellant's administrative claim had to be filed by November 8, 2015, to complain of the course, and by February 2, 2016, for her suspension without pay and ineligibility for the incentive plan. Her charge with the TWC, appellees asserted, was filed on February 5, 2016, outside the 180-day period for both claims. In her response to the plea, appellant attached an Employment Discrimination Complaint Form dated October 20, 2015.

*Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991); Tex. Lab. Code § 21.202(a). However, it also does not affirmatively negate exhaustion.

This brings us to appellees' second reason, that appellant did not exhaust religious or age discrimination allegations in her charge of discrimination. Appellant's Charge of Discrimination, filed February 5, 2016, asserted she was discriminated against on the basis of her gender. On appeal, appellant argues appellees' cannot rely upon the fact she checked the "wrong box." Appellant did not "check" any box but affirmatively stated "I believe I have been discriminated against . . . due to my Sex (Female)." The original complaint form alleged discrimination on the basis of gender, as well as religion or age. Thus this reason would not entitle appellees to an affirmance of the trial court's order dismissing appellant's discrimination claim in its entirety. *See Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 702-03 (Tex. App.—Austin 2012, pet. denied) (affirming some claims for failure to exhaust but reversing and remanding those claims that were exhausted at the administrative level).

The last reason presented in appellees' plea to the jurisdiction was that appellant failed to allege a prima facie case. Under the TCHRA, which provides that an employer may not, on the basis of race, color, disability, religion, sex, national origin, or age, discriminate in any manner against an employee in connection with compensation or the terms, conditions, or privileges of employment, governmental immunity is expressly waived. *See* Tex. Lab. Code § 21.051; *Mission Consol. Indep. Sch. Distr. v. Garcia,* 253 S.W.3d 653, 660 (Tex. 2008) ("*Garcia I*") (holding that "the TCHRA clearly and unambiguously waives immunity"). The TCHRA's waiver of immunity only applies in those suits where the plaintiff actually alleges a violation within the scope of the statute. *See Mission Consol. Indep. Sch. Dist. v. Garcia,* 372 S.W.3d 629, 636 (Tex. 2012) ("*Garcia II*"). The elements of a prima facie case are jurisdictional when a governmental unit has been sued. *Id*. at 635–37. If the suit involves claims of disparate treatment, the

prima facie case requires proof that the discrimination claimant was treated less favorably than a similarly situated comparator from the opposing class. *See Univ. of Tex. Med. Branch at Galveston v. Petteway*, 373 S.W.3d 785, 788–89 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Appellant alleged that she was treated differently as compared to two male senior executives or faculty members of UTMB who were reported to have been involved in sexual misconduct. On appeal, appellant claims she was treated "far worse" than the men who were given "golden parachutes" and then "either terminated or permitted to resign."

Appellees contend the two men were not similarly situated to appellant because she was not alleged to have committed the same work infraction. Further, appellees assert appellant was not treated less favorably because the two men were discharged or forced to resign.

Appellant argues exact equivalency is not required to support a claim of disparate treatment. *See Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 n.3 (Tex. 2005). While this is true, appellant's pleadings do not allege a prima facie case. "Employees are similarly situated if their circumstances are comparable in all material respects, including similar standards, supervisors, and conduct. *Id.* Appellant's pleadings do not allege such comparable circumstances in this case. Clearly, she has not been terminated and does not allege any offer was made to tempt her to resign, e.g., a golden parachute. There are no facts stated as to the office either man held or what work infraction they committed. Again, appellant's pleadings are insufficient, but they do not affirmatively negate jurisdiction. Accordingly, she should be afforded the opportunity to amend. *See County of Cameron*, 80 S.W.3d at 555. We sustain appellant's fourth issue and conclude the trial court erred in granting appellees' plea to the jurisdiction as to appellant's discrimination claims without affording an opportunity to replead.

*Claim for Declaratory Judgment*

In her final and fifth issue, appellant argues the trial court erred in granting appellees' plea to the jurisdiction as to her claim for declaratory judgment. Appellant sought a declaration that she is a tenured employee for all purposes, in contravention of a document issued June 1, 2011, that bifurcated appointments such as hers into an unpaid tenured portion and a paid non-tenured portion. Appellant contends that although the declaration would make UTMB sustain her grievance and have to pay her the monies wrongfully withheld, the relief sought is not monetary damages. Appellees moved to dismiss the declaratory judgment claim on the basis that appellant cannot show UTMB waived immunity from suit for what is essentially a contract dispute.

The Declaratory Judgments Act (DJA) generally permits as follows:

> (a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Tex. Civ. Prac. & Rem. Code § 37.004(a). However, it is well established that Texas has not waived immunity for a declaratory judgment claim related to government contract disputes. *See Texas Natural Res. Conservation Comm'n,* 74 S.W.3d at 855-56. "The DJA does not extend a trial court's jurisdiction, and a litigant's request for declaratory relief does not confer jurisdiction on a court or change a suit's underlying nature." *Id.* at 855 (citing *State v. Morales,* 869 S.W.2d 941, 947 (Tex. 1994)). A private party may seek declaratory relief against state officials who allegedly act without legal or statutory authority, the *ultra vires* exception, because such suits do not attempt to subject the State to liability and are therefore not "suits against the State." *Id.* Accordingly, declaratory-judgment actions that meet the *ultra vires* exception_are not barred by sovereign

16

immunity. *Id.; see also Heinrich,* 284 S.W.3d at 372–73 (recognizing the DJA does not waive a governmental entity's immunity against a claim that government actors have violated the law).

However, declaratory-judgment suits against state officials seeking to establish a contract's validity, enforce performance under a contract, or impose contractual liabilities are suits against the State. *Texas Natural Res. Conservation Comm'n,* 74 S.W.3d at 855. "That is because such suits attempt to control state action by imposing liability on the State." *Id.* at 856. Suits such as these cannot be maintained without legislative permission and a private party cannot circumvent the State's sovereign immunity by characterizing a suit for money damages, such as a contract dispute, as a declaratory-judgment claim. *Id.*; *see also Multi-County Water Supply Corp. v. City of Hamilton*, 321 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (holding that immunity barred suit against city and district seeking declaration of rights under water supply agreement).

There is no general right to sue a state agency for a declaration of rights. *Sawyer Trust*, 354 S.W.3d at 388. Thus, immunity will bar even an otherwise proper DJA suit that has the effect of establishing a right to relief against the State or its political subdivisions for which the Legislature has not waived immunity. *Id.* As noted above, appellant concedes that a declaratory judgment in her favor would establish a right to relief for monetary damages against the State. Appellant makes no claim that she has obtained legislative permission to bring this claim. Appellant does not seek injunctive relief. *See Heinrich,* 284 S.W.3d at 373–77 (stating that immunity does not bar a suit for prospective injunctive relief against government actors in their official capacity for violating the law). Accordingly, the trial court did not abuse is discretion in granting appellees' plea to the jurisdiction on appellant's declaratory-judgment claim. Issue five is overruled.

**CONCLUSION**

We reverse the trial court's judgment granting appellees' plea to the jurisdiction on appellant's claims brought under the TCHRA and remand for proceedings consistent with this opinion. In all other respects, the judgment of the trial court is affirmed.


/s/    John Donovan
          Justice


Panel consists of Justices Christopher, Donovan, and Jewell.